AMERICAN FLEXIBLE ·CONDUIT COMPANY, INC. *vs.* STATE
TAX COMMISSION.

Suffolk.   November 5, 1962. — November 29, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
& SPIEGEL, JJ.

*Taxation,* Corporate excise.   *Agency,* Independent contractor.

Where it appeared that a Massachusetts corporation carried on business
in other States through sales representatives there who were inde-
pendent contractors and not employees of the corporation and who had
their own warehouses to which the corporation sent its product on con-
signment, and were paid commissions by it, and that the corporation
did not own or rent premises, or have any employees, outside Massa-
chusetts, it was held that in applying the provisions of G. L. c. 63, § 38,
in the calculation of the corporation's corporate excise for 1955 its
"expenditure . . . for wages, salaries, commissions or other compensa-
tion to its employees" must be treated as wholly "assignable to" Massa-
chusetts within paragraphs 2 (b), 5, and the gross receipts of the corpo-
ration must be treated as wholly "from business assignable to" Massa-
chusetts within paragraphs 2 (c), 6.

APPEAL from a decision by the Appellate Tax Board.

*Louis J. Ostric* for the taxpayer.

*Edward J. McCormack, Jr.,* Attorney General, *Herbert
E. Tucker, Jr.,* Assistant Attorney General, *& Nicholas L.
Metaxas,* for the State Tax Commission, submitted a brief.

WILKINS, C.J.   Consideration of this case, which was
heard under formal procedure, is greatly impeded by the
failure of the Appellate Tax Board to find any facts.   The
taxpayer did not seasonably[1] exercise its right to require
"such findings and report thereon" in accordance with G. L.
c. 58A, § 13 (as amended through St. 1957, c. 522).

American Flexible Conduit Company, Inc. (Conduit), is
a Massachusetts corporation having its sole place of busi-

---

[1] The decision was dated October 17, 1961.   On November 3, 1961, the tax-
payer filed a motion that it "be allowed to make a late request for report of
findings of fact due to the fact that through accident or mistake it omitted to
make such request within the time prescribed by law."   The motion was denied
on November 6.

American Flexible Conduit Co. Inc. *v.* State Tax Commission.

ness in New Bedford, where it manufactures electrical conduit and cable. It filed a Massachusetts corporation excise return for the calendar year 1955, and paid the computed tax, which was $6,639.04. On April 9, 1959, the Commissioner assessed the excise at $7,632.97 with interest. The tax commission denied Conduit's petition for abatement, and Conduit appealed.

The commission states in its brief, ''Except for the storage of merchandise in the warehouses of its representatives, all of the appellant's business activities were carried on in this State.'' This conclusion from the testimony would more helpfully have been found in a report of facts by the tax board. On the other hand, Conduit in its brief, without supporting references in compliance with Rule 15 (B) of the Rules for the Regulation of Practice before the Full Court (1952), 337 Mass. 818–819, sets forth as facts certain matters seemingly based upon the testimony of its president and treasurer. The commission bases its argument to some extent on the testimony of the same witness. We also are obliged to draw on the testimony to the extent necessary to present a basis for the legal questions argued and to be decided.

In 1955, Conduit employed seven sales representatives in other States and one here.[1] Each out of State representative, with one exception, had his own warehouse to which Conduit sent its product on consignment. They were paid commissions, and several were paid $50 a month toward their expenses. Nothing was withheld, including social security payments. They could, and did, represent manufacturers of other items, and, as stated in Conduit's opening at the hearing below, are independent contractors. There was no direct control over their day to day operations. They were not employees of Conduit. Each worked in his own field, and Conduit simply borrowed their services and paid them in proportion to what they produced. Conduit neither owned nor rented premises outside the Commonwealth.

[1] These precise numbers appear nowhere in the record, but are taken from Conduit's brief.

American Flexible Conduit Co. Inc. v. State Tax Commission.

The excise taxes imposed upon business corporations by
G. L. c. 63 are outlined in *State Tax Commn.* v. *John H.
Breck, Inc.* 336 Mass. 277, 279–281.   The present contro-
versy arises out of the application of the three factor in-
come allocation formula in G. L. c. 63, § 38, as amended.[1]
The Commissioner allowed in Conduit's return (a) the allo-
cation upon tangible property, but did not allow allocations
(b) in the wage factor of commissions and other amounts
paid to Conduit's representatives outside Massachusetts
nor (c) in the gross receipts factor of sales negotiated by
the same representatives.   Mathematical comparison of the
numerators in the percentage multipliers in the return and

---

[1] Section 38, as amended by St. 1933, c. 342, § 3, reads in part: "Income of
the classes described in the preceding section having been allocated, the re-
mainder of the net income . . . shall be allocated as follows: 1. If the cor-
poration carries on no business outside the commonwealth, the whole of said
remainder shall be allocated to this commonwealth.   2. If the corporation
carries on any business outside the commonwealth, the said remainder shall be
divided into three equal parts: (a) Of one third, such portion shall be at-
tributed to business carried on within the commonwealth as shall be found by
multiplying said third by a fraction whose numerator is the value of the
corporation's tangible property situated within the commonwealth and whose
denominator is the value of all the corporation's tangible property wherever
situated.   (b) Of another third, such portion shall be attributed to business
carried on within the commonwealth as shall be found by multiplying said
third by a fraction whose numerator is the expenditure of the corporation for
wages, salaries, commissions or other compensation to its employees, and
assignable to this commonwealth as hereinafter provided, and whose denomi-
nator is the total expenditure of the corporation for wages, salaries, commis-
sions or other compensation to all its employees.   (c) Of the remaining third,
such portion shall be attributed to business carried on within the commonwealth
as shall be found by multiplying said third by a fraction whose numerator is
the amount of the corporation's gross receipts from business assignable to this
commonwealth as hereinafter provided, and whose denominator is the amount
of the corporation's gross receipts from all its business. . . .   5. The amount
assignable to this commonwealth of expenditure of the corporation for wages,
salaries, commissions or other compensation to its employees shall be such ex-
penditure for the taxable year as represents the compensation of employees not
chiefly situated at, connected with or sent out from premises for the trans-
action of business owned or rented by the corporation outside the common-
wealth.   6. The amount of the corporation's gross receipts from business as-
signable to this commonwealth shall be the amount of its gross receipts for the
taxable year from (a) sales, except those negotiated or effected in behalf of
the corporation by agents or agencies chiefly situated at, connected with or
sent out from premises for the transaction of business owned or rented by the
corporation outside the commonwealth and sales otherwise determined by the
commissioner to be attributable to the business conducted on such premises.
. . . 10. A domestic corporation shall be deemed to carry on business outside
this commonwealth within the meaning of this section only when its activities
in another state or country give such state or country jurisdiction to tax the
corporation in respect to such activities."
    Amendments to § 38 by St. 1960, c. 553, and St. 1961, c. 419, § 1, are
immaterial.

the Commissioner's determination shows that each used 69.9536% for tangible property; and that Conduit used 83.0849% and 63.2758% for wages and gross receipts respectively, but that the Commissioner used 100% for both.

The commission concedes that pursuant to § 38, par. 10, the Commissioner determined that Conduit's activities in other States gave such States jurisdiction to tax, and hence applied the three factor formula to determine the proportion assignable to business carried on here. This, as has been noted, was done as to the personal property factor.

As to the wage factor, the numerator and denominator were respectively the corporation's expenditure for "wages, salaries, commissions or other compensation to its employees" inside the Commonwealth and a similar expenditure "to all its employees." § 38, par. 2 (b). The Commissioner must have found that Conduit had no employees outside the Commonwealth, and that its sales representatives were independent contractors. Indeed, the testimony of the taxpayer's president and treasurer could not admit of any other conclusion.

For another reason, the Commissioner's determination as to the wage factor was right. The provision in § 38, par. 5, is that "employees" must be "chiefly situated at, connected with or sent out from premises for the transaction of business owned or rented by the corporation outside the commonwealth." There were no such premises, according to the testimony of Conduit's president and treasurer.

Conduit points to the fact that § 38, par. 5, refers to "commissions or other compensation to its employees," whereas in § 38, par. 6 (a), the reference is to "sales, except those negotiated or effected in behalf of the corporation by agents or agencies . . . ." From this an argument is projected that § 38 "does not establish any rigid test for the 'employee' status nor does it insist that sales made for the corporation must be made from its *exclusive* out of state offices." We cannot accept this argument nor the further contention based thereon that § 38 must be read so as to

allow the Commissioner to exercise a discretion said to be given him in § 38, par. 6 (a), in the words, "and sales otherwise determined by the commissioner to be attributable to the business conducted on such premises." But "such premises" as described in par. 6 (a) are "premises for the transaction of business owned or rented by the corporation outside the commonwealth," and the "agents or agencies [are] chiefly situated at, connected with or sent out" from those premises.

From what we have said, the Commissioner was also correct in his determination with respect to the gross receipts factor. See *State Tax Commn.* v. *John H. Breck, Inc.* 336 Mass. 277, 285, 288.

The record is barren of anything to uphold Conduit's assertion that the Commissioner's assessment is "unreasonable, arbitrary and discriminatory, because it favors activities in foreign states with the benefits of allocation to corporations using 'big business' methods while denying the same to 'small business' manufacturers who are pursuing essentially the same kind of activity in such states." The burden was upon the taxpayer to establish facts to support that contention. *State Tax Commn.* v. *John H. Breck, Inc.* 336 Mass. 277, 299.

The decision of the Appellate Tax Board is affirmed.

*So ordered.*