KEITH E. COMEY *vs.* RICHARD E. HILL & others.[1]

Worcester. April 5, 1982. — July 30, 1982.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Practice, Civil*, Instructions to jury, Judgment notwithstanding the verdict. *Agency*, Independent contractor. *Anti-Discrimination Law*, Salesman, Employee, Burden of proof. *Unlawful Interference*.

In an action by a sales representative alleging that the defendants, with whom he had been associated on a commission basis, discriminated against him with respect to his employment on the basis of age, in violation of G. L. c. 151B, § 4 (1) & (5), the judge did not err in his instructions to the jury on the distinction between an employee and an independent contractor, which included language indicating that a salesman is an independent contractor if he is under the control of another only with regard to the result to be obtained. [14-16]

At the trial of an action by a sales representative, alleging discrimination in employment on the basis of age, the judge's instructions to the jury adequately described the types of discriminatory activity for which an employer may be found liable under G. L. c. 151B [16-17]; and correctly placed on the plaintiff the burden of proving that the defendant's asserted lawful reason was not the real reason for the plaintiff's discharge [17-18].

In an action alleging both discrimination on the basis of age in violation of G. L. c. 151B, and unlawful interference with an advantageous relationship, the judge properly denied a defendant's motion for judgment notwithstanding the verdict, where the jury's negative answers to two special verdict questions relating to the statutory claim were based on their finding that no employment relationship existed and where such a finding was not inconsistent with the jury's findings on the common law claim that a contractual or business relationship existed between the plaintiff and one of the defendants and that the other defendant acted wrongfully in causing damage to the plaintiff. [18-19]

In an action by a sales representative alleging unlawful interference with an advantageous relationship, evidence of age discrimination by a

[1] Lysander Richmond and C. Clarke Richmond, trustees of R.E. Hill Co., and Automated Packaging Systems, Inc.

defendant was sufficient to permit the jury to find for the plaintiff. [19-20]

Provisions of G. L. c. 151B prohibiting various discriminatory acts and practices did not preclude a plaintiff who alleged age discrimination from proceeding on a common law claim for unlawful interference with an advantageous relationship. [20]

CIVIL ACTION commenced in the Superior Court on September 26, 1977.

The case was tried before *Tamburello, J.*

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Dennis Pojani* for the plaintiff.

*James E. Wallace, Jr.* (*William J. LeDoux & Vincent O'Rourke* with him) for Automated Packaging Systems, Inc.

LIACOS, J. The plaintiff appeals from judgments entered against him in favor of the defendants, trustees of R.E. Hill Co. (Hill Co.) and Automated Packaging Systems, Inc. (Automated). Automated cross appeals from a judgment entered against it in favor of the plaintiff and from the denial of its motion for judgment notwithstanding the verdict. We transferred the appeals here on our own motion and we now affirm.

In June, 1977, the plaintiff, Comey, filed two complaints with the Massachusetts Commission Against Discrimination alleging that Hill Co. and Automated discriminated against him on the basis of age in violation of G. L. c. 151B. Thereafter, Comey removed the case to the Superior Court for trial by jury pursuant to § 9 of c. 151B.

The plaintiff's further amended complaint contained eight counts. Essentially, it alleges that Hill Co. violated an implied covenant of good faith and fair dealing, that Hill Co. and Automated discriminated against the plaintiff on the basis of age in violation of G. L. c. 151B, § 4 (1) & (5), that Hill Co. and Automated were guilty of unfair and deceptive acts in violation of G. L. c. 93A, § 11, that Automated tortiously induced Hill Co. to breach its business relationship

with the plaintiff, and that Hill Co. owed residual commissions to the plaintiff. The trial of the case spanned a two-week period. The presiding judge submitted eleven special questions to the jury after he instructed them on the law.[2]

We summarize the evidence presented at trial to the extent pertinent to this appeal. At the time of trial, Comey was sixty-three years old. In 1970, after negotiations with Lysander Richmond, a trustee of Hill Co., Comey became associated with the Hill Co. as a sales representative on a commission basis. The Hill Co., located in Stoneham, acted as a manufacturer's representative for a number of companies, including Automated, which was located in Twinsburg, Ohio. Comey had no written contract with Hill Co. but was paid a commission for sales made. Hill Co. did not deduct withholding taxes or reimburse Comey for his travel expenses, although Hill Co. did reimburse Comey for his telephone expenses. Comey received leads from Hill Co. concerning potential Automated customers and, as a matter of course, pursued these leads. Comey was provided with two sets of business cards, one listing him as a sales representative of Hill Co. and another listing him as a sales representative of Automated. Sales meetings were frequently held at the Hill Co. headquarters.

By a letter dated February 28, 1977, Automated directed Hill Co. to prohibit Comey and two other salesmen, all over fifty years old, from selling Automated products. Hill Co.,

---

[2] The questions and jury answers relevant to these appeals are as follows: "1.) Do you find that the plaintiff was discriminated against by Richard E. Hill, et al, with age being the determining factor, in regard to compensation or in terms, conditions or privileges of employment?" Answer: "Yes, 2; No, 10." "2.) If you find the answer to Question No. 1 to be in the affirmative, do you find that Automated Packaging Systems, Inc. aided, abetted, incited, compelled or coerced discrimination against the plaintiff, with age being the determining factor, in regard to compensation or in terms, conditions or privileges of employment?" Answer: "Yes, 2; No, 10." "6.) Do you find that Automated Packaging Systems, Inc., knowing of a relationship between the plaintiff and Richard E. Hill, et al, acted, without justification or privilege, so as to cause loss, damage or injury to the plaintiff in any contractual relationship with Richard E. Hill, et al, that may have existed?" Answer: "Yes, 10; No, 2."

through Lysander Richmond, acquiesced in Automated's demand but offered to keep the salesmen on to service other accounts. Comey testified that he then terminated his relationship with Hill Co. because he was unable to make a living on the other sales lines.

There was testimony at trial through Comey, as well as one Clifford Blood, who was also terminated from selling Automated's line, that the controlling reason for Automated's action was Comey's age. The greater part of this testimony related to alleged out-of-court statements showing age discrimination by representatives of Automated. The making of these statements was subsequently denied, under oath, by the alleged makers. Automated introduced testimony at trial that the reason for wanting the plaintiff removed from his position as a sales representative for Automated's products was Automated's dissatisfaction with Comey's sales performance, product knowledge, and customer service, as well as Comey's handling of other lines of products and his unwillingness to work with others.

Comey argues in his appeal that the judge erred in instructing the jury regarding the definition of an employer-employee relationship and the burden of proof in Comey's G. L. c. 151B claim. Automated argues, in its cross-appeal, that the judge erred in denying its motion for judgment notwithstanding the verdict and in entering judgment on Comey's claim of unlawful interference with an advantageous relationship.

1. *Instructions on employer-employee relationship.* Comey argues that the judge's instruction on the subject of an employer and employee relationship under G. L. c. 151B, § 4(1) & (5), was narrow and fragmented.[3] The

---

[3] General Laws c. 151B, § 4 (1) & (5), provide: "It shall be an unlawful practice: 1. For an employer, by himself or his agent, because of the race, color, religious creed, national origin, sex, age, or ancestry of an individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification. . . . 5. For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter or to attempt to do so."

judge, in his instructions, distinguished an employee from an independent contractor as follows: "An independent contractor is one who exercises an independent employment contract to do work according to his own methods and without being subject to the control of his employer except to the result of the work." The judge indicated that a salesman who is under the control of the employer only with regard to the result to be obtained is an independent contractor. The plaintiff contends that because G. L. c. 151B, § 9, requires that the statute be "construed liberally," anyone who is paid by another for his services is an employee regardless of whether the person may also fall into the definition of an independent contractor.

Although the Commonwealth's employment discrimination law, G. L. c. 151B, affects a "broad array of employment practices" and extensively prohibits discrimination against certain protected classes, we do not read the statute as intending to broaden the definition of employee to include an independent contractor. See generally Schreiber, Massachusetts Employment Discrimination Law, 63 Mass. L. Rev. 247 (1978). The statute itself defines an employee only in the negative, excluding "any individual employed by his parents, spouse or child, or in the domestic service of any person." G. L. c. 151B, § 1 (6). Compare G. L. c. 152, § 1 (4) ("employee" defined as "every person in the service of another under any contract of hire, express or implied, oral or written"). In the absence of any indication to the contrary, we will not assume that the Legislature intended to cover relationships outside the traditional common law employer-employee relationship. "Words and phrases having well-defined meanings in the common law are interpreted to have the same meanings when used in statutes dealing with the same or similar subject matter as that with which they were associated at common law." 2A C. Sands, Sutherland Statutory Construction § 50.03, at 277-278 (4th ed. 1973). In a number of cases, we have utilized the distinction between an employee and an independent contractor in deciding whether an employment relationship exists. See, e.g., *Luz* v. *Stop & Shop, Inc.,* 348 Mass. 198, 205-207

(1964) (negligence action); *American Flexible Conduit Co.* v. *State Tax Comm'n,* 345 Mass. 146 (1962) (tax case); *Schofield's Case,* 272 Mass. 229 (1930) (worker's compensation). We will not depart from the common law definition of employee absent a legislative substitute.[4]

Although we find no error in the trial judge's instruction, we are mindful of the remedial purposes of the statute and the social interest that it tends to protect. See generally *Rock* v. *Massachusetts Comm'n Against Discrimination,* 384 Mass. 198, 202-204 (1981). Trial judges should carefully and fully instruct juries on all the factors that may be useful in distinguishing employees from independent contractors. See *Real* v. *Driscoll Strawberry Assocs.,* 603 F.2d 748, 754 (9th Cir. 1979) (listing factors which may distinguish employees from independent contractors). See also *Rutherford Food Corp.* v. *McComb,* 331 U.S. 722, 730 (1947) (whether employer-employee relationship exists depends upon circumstance of whole activity).

2. *Other jury instructions.* a. The plaintiff next contends that the trial judge erred in instructing the jury that they must find that the Hill Co. "terminated" Comey from its employment in order for Comey to recover. Although the judge used the word terminate as sometimes describing that activity required to trigger the defendants' liability, the judge, a number of times, stated that the defendants would be liable for discrimination in compensation, terms, condi-

---

[4] The plaintiff also argues that he was entitled to a "right to control" instruction regarding his employment relationship with the defendant Hill Co. Our reading of the transcript, however, indicates that such an instruction was given.

The plaintiff further contends that the judge erred in specifically referring the jury to evidence provided by the defendants intending to show that Comey was not an employee. Although the plaintiff objected to "a certain amount of fragmentation of the evidence," his suggested cure was an instruction on Hill Co.'s "right to control" Comey's job activities, an instruction already given by the judge. Assuming, however, that the plaintiff properly objected to the charge, we find no error. The judge took great pains to explain to the jury that what he said was not evidence and that he was not attempting to instruct them on what, or how, facts should be found.

tions or privileges of employment. Further, the judge instructed the jury that, assuming the plaintiff otherwise proved his case, the plaintiff could recover if Hill Co. unlawfully (1) relieved the plaintiff of his representation of Automated's products; (2) removed the plaintiff from his position; (3) deprived the plaintiff of the opportunity to sell Automated's products; or (4) took the plaintiff off the sale of Automated products.

In context, the judge's instructions were not confusing or erroneous. The issue put to the jury was removal of the plaintiff as a representative of Automated products only and not one of termination from employment.[5] Viewing the charge as a whole, we find no error. See *Posner* v. *Minsky*, 353 Mass. 656, 660 (1968). Cf. *Wilson* v. *Boston Redevelopment Auth.*, 366 Mass. 588 (1975).

b. The plaintiff's final contention is that the judge erred in instructing the jury on the plaintiff's burden of proof. The plaintiff argues that, because the instructions were confusing, the jury may have assumed their job to be that of making a third party determination regarding how well Comey was performing his job rather than determining the motive of the defendants in taking action against Comey.

The plaintiff, however, bases this claim of error on a small portion of the jury instructions taken out of context. The transcript is replete with references to the defendants' "reasons" for depriving the plaintiff of an opportunity to sell Automated's line and the defendants' "legitimate expectations" in the plaintiff's job performance. The court, in instructing the jury, quoted the applicable burden of proof language from *Wheelock College* v. *Massachusetts Comm'n Against Discrimination*, 371 Mass. 130 (1976), and *Smith College* v. *Massachusetts Comm'n Against Discrimination*, 376 Mass. 221 (1978), cases which we recently approved of in *Trustees of Forbes Library* v. *Labor Relations Comm'n*,

---

[5] Indeed, at trial Comey testified that he left his job at Hill Co. because he was unable to make enough money on the other product lines that he sold. There was no evidence at trial that Hill Co. "terminated" Comey from his job.

384 Mass. 559 (1981). The instructions in the instant case properly indicated that, after the plaintiff made out his prima facie case of discrimination, the defendant employer must (1) come forth with a lawful reason for its decision to take the plaintiff off the Automated line, and (2) produce facts tending to show that the proffered reason was actually a motive in the decision. *Trustees of Forbes Library, supra* at 566. "The burden of persuasion remains with the employee, who must prove by a preponderance of evidence that the asserted lawful reason was not the real reason for the discharge." *Id.* There was no error.

We now turn to the defendant Automated's claims of error.

3. *Denial of motion for judgment notwithstanding the verdicts.* Automated contends that the judge should have granted its motion for judgment notwithstanding the verdict because (1) there were inconsistencies between answers to three of the special verdict questions and (2) a common law claim of unlawful interference with advantageous relationships cannot be based upon age discrimination. There was no error.

The court, in accordance with Mass. R. Civ. P. 49 (a), 365 Mass. 812 (1974), required the jury to return a special verdict with written findings upon each issue of fact. This defendant contends that the negative answers of the jury to questions 1 and 2 are dispositive of the issue raised in question 6.[6] We disagree. Questions 1 and 2 were directed to the plaintiff's age discrimination claim under G. L. c. 151B, § 4 (1) & (5). In order for the plaintiff to prevail on his c. 151B, § 4 (5), claim against Automated, the jury had to find, inter alia, an employment relationship between the plaintiff and Hill Co., as well as an unlawful discriminatory motive. In order to answer question 6 in the affirmative, the jury had to find that Automated acted without justification or privilege, and there existed a contractual or business relationship between the plaintiff and Hill Co. No finding of an employment relationship was necessary.

---

[6] See note 2, *supra*, for the text of the questions and the jury's response.

The jury could well have answered questions 1 and 2 in the negative based on their finding that no employment relationship existed between Comey and Hill Co. Thus, questions 1 and 2 were not dispositive of the issue raised in question 6.

4. *Interference with advantageous relationship*. Automated next contends that the court acted in excess of its jurisdiction in entering judgment on the plaintiff's common law claim of unlawful interference with an advantageous relationship because c. 151B provides the exclusive remedy for discrimination-based complaints. The defendant also argues that the plaintiff failed to carry his burden of proof in making the claim, and for that reason the motion should have been granted. We address this latter argument first.

The elements of the tort of interference with an advantageous relationship that a plaintiff must prove are "(1) a business relationship or contemplated contract of economic benefit; (2) the defendant's knowledge of such relationship; (3) the defendant's intentional and malicious interference with it; (4) the plaintiff's loss of advantage directly resulting from the defendant's conduct." J.R. Nolan, Tort Law § 72, at 87 (1979). See *Owen* v. *Williams*, 322 Mass. 356, 360 (1948). See also *Chemawa Country Golf, Inc.* v. *Wnuk*, 9 Mass. App. Ct. 506, 509 (1980).

Although Automated presented evidence that, if believed, would constitute a justification for interfering with Comey's relationship with Hill Co., the jury could have rejected this evidence and adopted Comey's theory of the case. Comey's evidence, if believed, justified a finding by the jury that the real reason for Automated's action was based on age discrimination. See *Pino* v. *Trans-Atlantic Marine, Inc.*, 358 Mass. 498, 502-503 (1970). Construing the evidence against Automated,[7] we are satisfied that the

---

[7] "The standard to be used on a motion for judgment notwithstanding the verdict is the same as that on a motion for a directed verdict . . . that is, Does the evidence, construed against the moving party, justify a verdict against him? . . . The weight of the evidence standard is not involved" (citations omitted). *D'Annolfo* v. *Stoneham Housing Auth.*, 375 Mass. 650, 657 (1978).

jury could have found that Comey sustained the burden of proving malice on the part of Automated. The verdict against Automated was justified, as was the denial of its motion for judgment notwithstanding the verdict.

Automated's final argument is as follows. Although age discrimination would qualify as a wilful act without justifiable cause, because the same act is prohibited by a "comprehensive" statute, the statutory remedy is exclusive, and the plaintiff cannot sue on common law grounds. We disagree.

Although G. L. c. 151B is a comprehensive statute in the sense that it covers various acts and practices where the possibility for discrimination is evident, we do not view the statute as tending to narrow or eliminate a person's common law rights where applicable. The statute broadens existing remedies rather than requiring resort to it as exclusive of all other remedies. Particularly in the area of age discrimination, the statute specifically states that "nothing contained in this chapter shall be deemed to repeal . . . any other law of the commonwealth relating to discrimination because of age." G. L. c. 151B, § 9. Thus we conclude that c. 151B was not meant to be an exclusive remedy. See *Jennings* v. *Commonwealth*, 17 Pick. 80, 82 (1835) (repeal of common law by implication of statute not inferred; legislative intent must be manifest).

5. *Conclusion.* We affirm the judgments of the Superior Court.

*So ordered.*