Gordon, Robert B., J.
This case arises out of plaintiff Eileen Fitzgerald’s claimed retaliatory treatment on the job and eventual discharge from employment at the Office of Senate Counsel. Ms. Fitzgerald has brought a four-count Complaint, variously charging the Commonwealth of Massachusetts and Massachusetts Senate with common-law breach of contract and “general harassment and retaliation” in violation of public policy (Count I); all defendants with retaliation and aiding and abetting retaliation, in violation of the Massachusetts Fair Employment Practices Act, G.L.c. 15 IB (Count II); defendants Moore and McLaughlin with tortious interference with contractual and advantageous business relations (Count III); and all defendants with violations of the Massachusetts Whistleblower Act, G.L.c. 149, Sec. 185 (Count IV). Presented for decision is Defendants’ [Partial] Motion to Dismiss, by which they seek the Rule 12(b)(6) dismissal of each or a portion of each of these claims. For the reasons which follow, the defendants’ motion win be ALLOWED.
BACKGROUND[1]
Plaintiff Fitzgerald was at all relevant times a public employee who worked as a lawyer in the Commonwealth’s Office of Senate Counsel. The gravamen of this action is that, in 2008, Ms. Fitzgerald blew the whistle (in writing) on what she believed to be her employer’s discriminatory treatment of a disabled coworker. This legally protected conduct is alleged to have prompted the defendants to initiate a campaign of retaliation against plaintiff. The defendants reduced Ms. Fitzgerald’s duties and responsibilities, restricted her participation in certain job-related activities, and unfairly reviewed and criticized her work performance — both to her face and in writings placed in her personnel file. In June 2011, plaintiff filed a charge of retaliation with the Massachusetts Commission Against Discrimination (MCAD), alleging that the defendants were subjecting Ms. Fitzgerald to hostile behavior at work on account of her having protested this employer’s discriminatory treatment of her colleague. Ms. Fitzgerald followed this filing with a complaint lodged with Human Resources, detailing additional acts of retaliation by the defendants. Plaintiff was discharged from employment in July 2012, and commenced the present retaliation suit in July 2014.
DISCUSSION
A party moving to dismiss pursuant to Rule 12(b)(6) must demonstrate that the pleading fails “to state a claim upon which relief can be granted.” Mass.R.Civ.P. 12(b)(6). To survive such a motion, “factual allegations must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ...” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008) (ellipses original), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). At the pleading stage, the claimant is required to present “factual allegations plausibly suggesting (not merely consistent with) an entitlement to relief, in order to reflect the threshold requirement. . . that the plain statement possess enough heft to show that the *482 pleader is entitled to relief.” Id. at 637 (internal quotations omitted).
In Count I of the Complaint, plaintiff alleges that defendants Commonwealth of Massachusetts and Massachusetts Senate subjected her to on-the-job harassment and an eventual retaliatory discharge from employment, thereby violating the covenant of good faith and fair dealing implied in her employment contract. In Count II of the Complaint, plaintiff charges all of the defendants with unlawful retaliation against Ms. Fitzgerald on account of her having opposed discriminatory conduct prohibited by G.L.c. 151B. The public employer defendants, Commonwealth of Massachusetts and Massachusetts Senate, have moved to dismiss each of these claims, arguing that plaintiffs pursuit of remedies under the Massachusetts Whistleblower Act, G.L.c. 149, Sec. 185, triggered a statutoiy waiver of these claims. The Court agrees.
The Massachusetts Whistleblower Act, G.L.c. 149, Sec. 185, prohibits public employers from talcing “retaliatory action” against an employee because the employee discloses an activity, policy or practice of the employer which the employee reasonably believes is in violation of the law or because the employee objects to or refuses to participate in such activity, policy or practice. See G.L.c. 149, Secs. 185(b)(1), (b)(3). “Retaliatory action” is defined in the statute as the “discharge, suspension or demotion of an employee or other adverse employment action taken against an employee in the terms and conditions of employment.” See G.L.c. 149, Sec. 185(a)(5). The Act provides a private cause of action to any employee aggrieved by a violation of the statute. See G.L.c. 149, Sec. 185(d). In addition to “all remedies available in common law tort actions,” the Act specifically provides for prevailing plaintiffs to receive reinstatement to previously held employment, and to recover full fringe benefits and seniority rights, three times lost wages and other remuneration, and reasonable attorneys fees and costs. Id.
After reciting the remedies available to prevailing whistleblowers, the Whistleblower Act goes on to provide that plaintiffs who institute claims under this statute necessarily waive most state law claims arising out of the same underlying allegations. G.L.c. 149, Sec. 185(f) thus states as follows:
Nothing in this section shall be deemed to dimmish the rights, privileges or remedies of any employee under other federal or state law or regulation, or under any collective bargaining agreement or employment contract; except that the institution of a private action in accordance with subsection (d) shall be deemed a waiver by the plaintiff of the rights and remedies available to him, for the actions of the employer, under any other contract, collective bargaining agreement, state law, rule or regulation, or under the common law.
(Emphasis added.)
Although appellate guidance is lacking, the foregoing provision of the Whistleblower Act has been consistently construed in reported decisions at the trial court level to bar the assertion of statutoiy and common-law damage claims that in substance derive from the same conduct forming the basis for a retaliation claim instituted under G.L.c. 149, Sec. 185(d). See, e.g., Stoyle v. Mansfield Municipal Elec. Dep’t., 2009 U.S.Dist. LEXIS 24418, at *10 (D.Mass. 2009) (Woodlock, J.) (“Having elected to proceed against the municipal employer under the Whistleblower statute, the plaintiff is deemed pursuant to Mass. Gen. Laws ch. 149, Sec. 185(f) to have waived claims against her municipal employer for retaliation under Mass. Gen. Laws 151B’); Reilly v. Robbins, 2006 U.S.Dist. LEXIS 46121 (D.Mass. 2006) (Zobel, J.) (Whistleblower Act’s waiver provision “applies, at most, to related claims seeking damages for essentially the same conduct”); Bennett v. City of Holyoke, 230 F.Sup.2d 207, 220-21 (D.Mass. 2002) (Ponsor, J.) (Section 185(f)’s waiver provision bars “claims seeking damages essentially for the same conduct — e.g., a discharge — that constituted the core retaliation for the whistleblowing,” and does not bar claims that are “distinct from the claim to recover for the retaliatory action”), aff'd, 372 F.3d 1 (1st Cir. 2004); LePage v. Cent. Mass. Reg’l Planning Comm., 25 Mass. L. Rptr. 326, at *5 (Mass.Super.Ct. March 4, 2009) (Roach, J.) (“By bringing an action under [Chapter 149, Section 185], an employee waives any state contract or tort claims arising out of essentially the same conduct which is the basis for the whistleblowing claim”); Everett v. Internat’l Brotherhood of Police Officers, 16 Mass. L. Rptr. 126, at *8 (Mass.Super.Ct. March 31, 2013) (Brassard, J.) (Section 185(f) “provides that when an aggrieved public employee institutes a private civil action alleging that his employer’s actions violated section 185, the employee waives the rights and remedies he would have received under any collective bargaining agreement,” and “this provision effectively eliminates any exception the common law allowed individuals to both litigate and arbitrate issues arising from the same events or set of facts”); Haddad v. Scanlon, 1999 Mass.Super. LEXIS 272 (Mass.Super.Ct. July 16, 1999) [10 Mass. L. Rptr. 298] (Welch, J.) (holding that Whistleblower Act’s waiver provision prohibits “duplicative or cumulative” claims, as “an employee may not simultaneously claim statutoiy and common law causes of action for the wrongful discharge ... [A] state employee who institutes an action under G.L.c. 149, Sec. 185(d) waives all rights and remedies arising out of the retaliatory action, but does not waive claims which are substantially separate from and independent of the cause of action to recover for the retaliatory action”).
In the case at bar, there can be no question but that Ms. Fitzgerald has in Counts I and II of her Complaint brought workplace harassment and wrongful discharge claims (Count I at common law and Count II *483 under Chapter 151B) that are substantively indistinguishable from the whistleblower retaliation claims brought under Chapter 149, Section 185 in Count IV. Under the plain language of Section 185(f), as construed by the above-cited authorities which the undersigned today joins, these claims have been waived as to the Commonwealth of Massachusetts and Massachusetts Senate by operation of plaintiffs initiation of Whistleblower Act retaliation claims against these defendants.
In her Opposition to Defendants’ Motion to Dismiss, plaintiff argues that she should be permitted to “plead in the alternative,” litigate all of her retaliation claims at trial, and then elect her preferred remedy after the jury returns its verdict. In support of this argument, plaintiff emphasizes the language in Section 185(f) providing that “(n]othing in this section shall be deemed to diminish the rights, privileges or remedies of an employee under any other federal or state law or regulation, or under any collective bargaining agreement or employment contract.” Plaintiffs reliance upon this language is misplaced; for while it is surely meant to preserve a plaintiffs right to elect remedies, the decision point for such election is before plaintiff commences an action under the Whistleblower Act and not after such an action has been tried to verdict. The text plaintiff cites in Section 185(f) preserves an employee’s right to choose between Whistleblower Act and other legal remedies by making clear that the statute was not meant to preempt all other statutory and common-law causes of action. If the Whistleblower Act were preemptive, retaliation plaintiffs would be required to litigate their claims exclusively under this law. No other statutory or common-law retaliation claims would avail in the public employment setting. The “no diminish” language Ms. Fitzgerald cites in her Opposition, however, expresses the Legislature’s intent that retaliation plaintiffs will continue to have a choice of remedies. Compare G.L.c. 152, Sec. 24 (exclusivity provision of Workers’ Compensation Act, barring all employee claims at common law for personal injuries suffered in the workplace).
But the fact that the Whistleblower Act does not preempt other statutory and common-law retaliation claims does not mean that all of these claims may be brought concurrently. Plaintiff does have a choice of remedies, and is free to litigate statutory and common-law theories of retaliation other than pursuant to the Whistleblower Act. Once she elects to pursue a Whistleblower Act remedy by “instituting” a claim under this statute, however, that election has been made and operates from that point forward as a waiver of all other claims resting upon the same underlying grounds. See supra. Plaintiffs contention that she might not ultimately prevail on her Whistleblower Act claim at trial, and should thus be permitted to litigate alternate theories of liability premised on the same allegations of retaliation, defies the clear language and unmistakable intentions of Section 185(f). This Court has previously confronted the very argument plaintiff now presses in other cases, and rejected it squarely. Judge Welch may have put it best in his seminal decision in Scanlon:
Haddad argues that at trial she might not convince a jury that she was terminated in contravention of the Whistleblowers Act, but could recover under her common law causes of action. While this may be true, it is not a compelling reason for this Court to essentially ignore the waiver provision contained in the statute. The statute provides a generous remedy to, along with requiring a waiver by, an employee who wishes to invoke it. Nothing in [the] statute requires an employee to sue under the statute, and the statute is quite clear that it was not intended to be a mandatory or exclusive remedy against an employer. See G.L.c. 149, Sec. 185(f).
Accord Reilly v. Robbins, supra (rejecting contention that plaintiff should be permitted to elect his remedy after the jury returns a verdict because his Whistleblower Act claim might theoretically be defeated at trial: “Such an approach is inconsistent with the language of the statute, which states that ‘the institution of a private [whistleblower] action’ triggers the waiver”).
For the foregoing reasons, plaintiffs claims for general harassment, breach of coní ract and unlawful retaliation in violation of G.L.c. 15IB cannot survive her institution of overlapping retaliation claims under the Whistleblower Act. Defendants’ Motion to Dismiss Counts I and II of the Complaint, therefore, must be ALLOWED as to the Commonwealth of Massachusetts and Massachusetts Senate.
Turning next to Count III of the Complain L (Tortious Interference with Contractual and Advantageous Business Relations against defendants Moore and McLaughlin), defendants argue that these claims fail as a matter of law because they are merely a common-law recasting of plaintiffs statutory aiding and abetting and retaliation claims under the Fair Employment Practices Act, G.L.c. 151B. The Court agrees. Although plaintiff correctly notes that Chapter 151B does not categorically and in all instances preclude the assertion of common-law claims that overlap the subject matter of the statute, see, e.g., Comey v. Hill 387 Mass. 11 (1982), our appellate courts have long made clear that common-law claims that are “merely recast versions” or “proxies” of allegations actionable under Chapter 15IB are barred by the statute’s exclusivity provision. See, e.g., Green v. Wyman-Gordon Co., 422 Mass. 551 (1996); Melley v. Gillette Co., 19 Mass.App.Ct. 511 (1985). Cf. McAleer v. Prudential Ins. Co. of America, 928F.Sup.2d 280, 290 (D.Mass. 2013) (Ponsor, J.) (noting that “where the common law claims are mere proxies for wrongful termination” actionable *484 under Chapter 151B, they will be deemed preempted by the statute’s exclusive remedy for same).
An examination of the tortious interference allegations underlying Count III of the Complaint finds that they are a restatement of the aiding and abetting a retaliatory discharge claim asserted against the individual defendants in Count II. Given that the Chapter 15IB claims against these defendants will go forward under Count II, the Court sees no reason to preserve substantively duplicative tort claims against these same defendants in Count III.[2] In accordance with the foregoing authorities, therefore, Defendants’ Motion to Dismiss Count III of the Complaint will be ALLOWED in its entirely.
Finally, the parties appear to be in agreement that Count IV of the Complaint (Massachusetts Whistleblower Act) states no viable claim against the individual defendants. G.L.c. 149, Sec. 185 provides a cause of action against a “public employer,” defined in the statute to mean “the commonwealth, and its agencies or political subdivisions, including, but not limited to, cities, towns, counties and regional school districts, or any authority, commission, board or instrumentality thereof.” G.L.c. 149, Sec. 185(a). It is well settled that claims under this statute may not be asserted against individual managers, supervisors or co-workers. See, e.g., Welch v. Ciampa, 542 F.3d 927, 944 (1st Cir. 2008); Bennett v. City of Holyoke, 230 F.Sup.2d 207, 220 (D.Mass. 2002) (Ponsor, J.), aff'd, 372 F.3d 1 (1st Cir. 2004); Orell v. U. Mass. Memorial Medical Center, Inc., 203 F.Sup.2d 52 (D.Mass. 2002); LePage v. Cent. Moss. Reg’l Planing Comm., 25 Mass. L. Rptr. 326, at *5 (Mass.Super.Ct. March 4, 2009) (Roach, J.) (collectingcases). Accordingly, Defendants’ Motion to Dismiss Count IV of the Complaint as to defendants Moore and McLaughlin will be ALLOWED.
CONCLUSION AND ORDER
In accordance the discussion hereinabove, Defendants’ [Partial] Motion to Dismiss is ALLOWED. Counts I and II of the Complaint shall be dismissed as to defendants Commonwealth of Massachusetts and Massachusetts Senate, and Counts III and IV of the Complaint shall be dismissed against defendants Moore and McLaughlin.

The within facts are drawn from the well-pleaded Complaint and Jury Demand, and include the reasonable inferences therefrom construed in the light most favorable to the nonmoving plaintiff.

This seems especially true in light of the fact that Chapter 151B provides superior remedies [viz., the potential for reinstatement, punitive damages, and attorneys fees) to anything available at common law.