NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-583

SUSAN A. OLIVEIRA

vs.

FIRST CITIZENS FEDERAL CREDIT UNION & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Susan A. Oliveira, brought this action against her former employer, First Citizens Federal Credit Union (First Citizens), and the company's chief executive officer, Christopher Howard. Her complaint alleged that First Citizens unlawfully terminated her employment because of age discrimination under G. L. c. 151B and that Howard interfered with her employment contract.[2] A judge of the Superior Court allowed Howard's motion for summary judgment on the interference

_____

[1] Christopher Howard and Wendy Ferreira.

[2] The complaint also alleged that Wendy Ferreira interfered with Oliveira's employment contract, but the parties voluntarily dismissed Ferreira as a defendant with prejudice via joint stipulation.

with contract claim but denied First Citizens' motion for summary judgment on the age discrimination claim.  That claim proceeded to a three-day jury trial, and the jury returned a verdict in First Citizens' favor.  Oliveira moved for a new trial pursuant to Mass. R. Civ. P. 59 (a), 365 Mass. 827 (1974), and the same judge denied her motion.  On appeal, Oliveira argues she was denied a fair trial because First Citizens disclosed grounds for her termination at trial that were not disclosed in discovery, resulting in a trial by ambush.  She also claims the judge allowed Howard's summary judgment motion in error because genuine issues of material fact existed.  We affirm the judgments[3] and the order denying the motion for a new trial.

Discussion.  1.  Motion for new trial.  "[A] new trial should be granted only when 'on a survey of the whole case it appears to the judge that otherwise a miscarriage of justice would result.'"  Fitzpatrick v. Wendy's Old Fashioned Hamburgers of N.Y., Inc., 487 Mass. 507, 514 (2021), quoting Wojcicki v. Caragher, 447 Mass. 200, 216 (2006).  "We review the denial of a motion for a new trial for an abuse of discretion" (citation omitted).  Doull v. Foster, 487 Mass. 1, 5 (2021).

_____

[3] Separate judgments entered on October 31, 2024, disposing of both claims.

2

Oliveira's theory of wrongful termination was that she was terminated as a result of age discrimination in violation of G. L. c. 151B.  First Citizens' defense was that her employment was terminated because First Citizens had eliminated her role in a corporate restructuring.  "Under the McDonnell Douglas formulation, [Oliveira] [bore] the initial burden of establishing by a preponderance of the evidence a prima facie case of discrimination."  Sullivan v. Liberty Mut. Ins. Co., 444 Mass. 34, 40 (2005), citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-805, (1973).  In a "reduction in force case," where an employer reorganizes its workforce, the plaintiff must demonstrate the following:  (1) membership in a protected class; (2) performance of the job at "an acceptable level"; (3) termination; and (4) the layoff occurred in circumstances that raise a "reasonable inference of unlawful discrimination." Sullivan, supra at 41, 45.  If the plaintiff makes such a showing, a presumption of discrimination arises, i.e., a prima facie case is made.[4]  See Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 441 (1995).  The employer may rebut this presumption by articulating a legitimate, nondiscriminatory reason for its decision.  See id.  The burden then shifts back

---

[4] Although First Citizens argued in its summary judgment motion that Oliveira failed to establish her prima facie case, it is not at issue on appeal.

to the plaintiff to produce evidence that the employer's articulated reason for its decision is "not true but a pretext." Bulwer v. Mount Auburn Hosp., 473 Mass. 672, 681 (2016), quoting Blare, supra at 443.

During pretrial litigation, First Citizens consistently maintained that Oliveira was terminated because her position was eliminated. Oliveira claims, however, that Howard's trial testimony unfairly introduced a new reason for the employment decision, namely that she was fired for poor performance. There are several flaws in this argument. First, Oliveira did not object to the testimony in question when it was given, and therefore the issue is likely waived. See Freyermuth v. Lutfy, 376 Mass. 612, 616 (1978). Indeed, rather than objecting and giving the judge an opportunity to issue a curative instruction if one was necessary, Oliveira used the testimony to her advantage to impeach Howard on cross-examination.

Next, even were we to put aside the issue of waiver, we are unpersuaded by Oliveira's argument that she was subjected to a "trial by ambush" in violation of her due process rights. When Howard said that Oliveira was not "effectively managing the department," he was responding to a question that asked what conclusions he drew from a review of Oliveira's department. The fact that Howard was unsatisfied with her performance is not

4

incompatible with First Citizens' articulated position that Oliveira was terminated because it was eliminating her role. We have reviewed the trial transcript and the transcript of Howard's deposition taken pursuant to Mass. R. Civ. P. 30 (b) (6), as appearing in 489 Mass. 1401 (2022), and we conclude nothing about the trial testimony contradicts the deposition.[5] Howard consistently maintained during both the deposition and the trial that Oliveira's position was eliminated. To the extent Oliveira now claims that the testimony unfairly prejudiced her in the eyes of the jury, she failed to object, and the issue is again waived.

In sum, we discern no miscarriage of justice in the trial and therefore no abuse of discretion in the denial of Olivera's motion for a new trial.

2. Summary judgment. The judge granted Howard's motion for summary judgment as to Oliveira's interference with contract claim because she did not offer evidence creating a genuine dispute as to an essential element, namely a malicious reason

---

[5] Oliveira also argues that the fact that First Citizens called Linda Cosme to testify about the decision to eliminate Oliveira's role amounted to trial by ambush because Howard indicated in his deposition that the decision was his. But Howard did not testify in his deposition that no other employees were part of the decision-making process. Furthermore, First Citizens identified Cosme as a person with knowledge of the restructuring in response to Oliveira's interrogatory.

attributable to Howard, separate from First Citizens' alleged age discrimination.  Oliveira argues this was error because the Supreme Judicial Court has held that age discrimination can satisfy the "willful act" element of the interference with contract tort.  See Comey v. Hill, 387 Mass. 11, 19-20 (1982).

"We review a decision to grant summary judgment de novo." Adams v. Schneider Elec. USA, 492 Mass. 271, 280 (2023). "Summary judgment is appropriate where there is no material issue of fact in dispute and the moving party is entitled to judgment as a matter of law" (citation omitted).  Id.  "We review the evidence in the light most favorable to the party against whom summary judgment entered," in this case, Oliveira (citation omitted).  Le Fort Enters., Inc. v. Lantern 18, LLC, 491 Mass. 144, 149 (2023).

To succeed on a claim for interference with contract, a plaintiff must show that "(1) [s]he had a contract with a third party; (2) the defendant knowingly induced the third party to break that contract; (3) the defendant's interference, in addition to being intentional, was improper in motive or means; and (4) the plaintiff was harmed by the defendant's actions" (citation omitted).  Weiler v. PortfolioScope, Inc., 469 Mass. 75, 84 (2014).  Where the defendant "is a corporate official acting in the scope of his corporate responsibilities, a

6

plaintiff has a heightened burden of showing the improper motive or means constituted 'actual malice,' that is, a spiteful, malignant purpose, unrelated to the legitimate corporate interest" (quotation and citation omitted).  Id.  "The malice must be the 'controlling factor' in the defendant's conduct." Kelleher v. Lowell Gen. Hosp., 98 Mass. App. Ct. 49, 55 (2020), quoting Blackstone v. Cashman, 448 Mass. 255, 270 (2007).

Here, Oliveira failed to put forward any evidence in the summary judgment record that plausibly suggests Howard acted with "actual malice" in terminating her employment.  Actual malice "must rise to the level of unjustified personal hostility or ill will 'exceeding personal dislike.'"  Bresler v. Muster, 496 Mass. 111, 121 (2025), quoting Falcon v. Leger, 62 Mass. App. Ct. 352, 362 (2004).  Oliveira testified in her deposition that she believed Howard did not like her, but that she did not think he would let her go for that reason.  In responses to the defendants' interrogatories, Oliveira claimed Howard treated her differently from other employees.  Specifically, she alleged that he would not respond to her when she said good morning to him and reacted negatively when she said the word "stuff." Olivera also noted her belief that she was terminated due to her age and "hostility from the defendants."  Even viewed in the light most favorable to Oliveira, this evidence would not allow

7

a reasonable jury to find that Howard acted with unjustified ill will that exceeds "personal dislike."  Bresler, supra, quoting Falcon, supra.  Furthermore, Oliveira's reliance on Comey v. Hill is inapposite because that case did not concern a corporate official acting within the scope of his corporate responsibilities.  See Comey, 387 Mass. at 13-14.[6]

> Judgments entered October 31, 2024, affirmed.
>
> Order denying motion for new trial affirmed.
>
> By the Court (Shin, Walsh & Allen, JJ.[7]),
>
> _Paul Little_
>
> Clerk

Entered:  April 17, 2026.

---

[6] First Citizens' and Howard's request for attorney's fees and costs is denied.

[7] The panelists are listed in order of seniority.