**Lee O. BESTER, Plaintiff,**

v.

**ROADWAY EXPRESS, INC.,
Defendant.**

**Civ. A. No. 87–3048–S.**

United States District Court,
D. Massachusetts.

July 25, 1990.

Alan M. Cohen, Newman & Newman, P.C., Boston, Mass., for plaintiff.

Mitchell J. Sikora, Jr., Robert M. Wolkon, Ferriter, Scobbo, Sikora, Caruso & Rodophele, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SKINNER, District Judge.

This is a race discrimination action brought by a black man against his former employer. The second amended complaint alleges racially motivated discharge, harassment on the job, and interference with the plaintiff's attempt to obtain unemployment benefits, in violation of Title VII, § 703 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2. The plaintiff also seeks relief under 42 U.S.C. § 1983 and the Massachusetts Civil Rights Act, M.G.L. c. 12, §§ 11H and 11I. The defendant's answer denies racial discrimination and asserts that the plaintiff was disciplined and ultimately fired for poor job performance. The defendant has moved for summary judgment.

## Title VII

The defendant is a common carrier with a terminal in Avon, Massachusetts, where the plaintiff was employed under a collective bargaining agreement. For nine years, the plaintiff was a part-time dock worker. The defendant was satisfied with his performance. From July 1986 until his termination in June 1987, the plaintiff was employed full-time. During this period, the defendant took 14 formal disciplinary actions against the plaintiff, culminating in his discharge.

■ Of the six full-time dock workers at the Avon facility, the plaintiff was the only black. There is no dispute that the plaintiff's supervisors disciplined him more severely than his white co-workers. There is some evidence, in the form of the plaintiff's affidavit, that his disparate treatment was not justified by poor job performance.[1] In addition, it is undisputed that two white dock workers fired during the relevant time period for similar work standards violations were reinstated, whereas the plaintiff was not. Unlike the plaintiff, one of these workers was voluntarily rehired, without having to undergo binding arbitration. The plaintiff's evidence is sufficient to establish a prima facie case of race discrimination.

The defendant has articulated a legitimate, nondiscriminatory reason for its disparate treatment of the plaintiff, namely, his failure to obey various work standards.

■ Nevertheless, there is a genuine dispute as to whether the defendant's stated reason was a pretext for race discrimination. A reasonable trier of fact might disbelieve the defendant's evidence and accept that of the plaintiff. See *Stepanischen v. Merchants Despatch Transportation Corp.*, 722 F.2d 922, 929 (1st Cir.1983). If so, the trier of fact might reasonably conclude that the plaintiff's supervisors manufactured disciplinary incidents in order to build up a file justifying his termination under the collective bargaining agreement. If they did this because of the plaintiff's race, their actions violated Title VII, and discriminatory intent will be assumed if the defendant's reason is shown to be pretextual. *Menzel v. Western Auto Supply Co.*, 848 F.2d 327, 329 (1st Cir. 1988).

Alternatively, the trier of fact might accept that the plaintiff was a poor worker but conclude that the defendant enforced its work standards in a racially discriminatory manner. Cf. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804, 93 S.Ct. 1817, 1825, 36 L.Ed.2d 668 (1973) (disciplinary criterion must be applied alike to members of all races). See also *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1014 (1st Cir. 1979) (age discrimination). The plaintiff may be able to show that the white workers favored by the defendant's supervisors performed just as poorly. There is evidence that one such worker was voluntarily reinstated after his termination, whereas the plaintiff was required to undergo binding arbitration (which he lost).

Because the resolution of these issues depends upon the credibility of witnesses and a comparison between the job performances of the plaintiff and of his favored white co-workers, a trial is warranted.

## 42 U.S.C. § 1983

The plaintiff's § 1983 claim is patently frivolous. The second amended complaint does not allege and there is not a scintilla of evidence to show that the defendant acted under color of law.

## Massachusetts Civil Rights Act

■ The Massachusetts courts have held that certain employment discrimination claims under M.G.L. c. 12, § 11I are precluded by the comprehensive remedy accorded by M.G.L. c. 151B. *Mouradian v. General Electric Co.*, 23 Mass.App. 538, 503 N.E.2d 1318, 1321, *rev. denied*, 399 Mass. 1105, 507 N.E.2d 1056 (1987) (wrongful discharge based on age discrimination); *Sereni v. Star Sportswear Mfg. Corp.*, 24 Mass.App. 428, 509 N.E.2d 1203, *rev. denied*, 400 Mass. 1107, 513 N.E.2d 1289

---

1. The plaintiff has also attributed statements to several of the defendant's supervisors which show that there was some degree of race consciousness at the facility. As direct proof of discriminatory intent, however, these are insubstantial.

(1987) (following *Mouradian* ). Recently, I have applied this doctrine to other forms of employment discrimination, including racial harassment on the job. *Butler v. RMS Technologies, Inc.*, 741 F.Supp. 1008, 1010 (D.Mass.1990) (race discrimination); *Conway v. Boston Edison Company*, C.A. No. 87–3093–S, slip op. at 15–16 (D.Mass. January 25, 1990) (handicap discrimination). But see *O'Connell v. Chasdi*, 400 Mass. 686, 511 N.E.2d 349, 353 n. 9 (1987) (expressing no opinion whether M.G.L. c. 151B, § 4 is exclusive remedy for sexual harassment). Since the only rights which the plaintiff claims were violated by his harassment and termination are those protected by c. 151B, I hold that the defendant's conduct up to the plaintiff's termination is not actionable under c. 12, § 11I.

 The plaintiff also alleges that the defendant violated c. 12, § 11I by interfering with his attempt to obtain unemployment benefits. There is no evidence that the defendant used "threats, intimidation or coercion" or interfered with any legal right. M.G.L. c. 12, §§ 11H and 11I.

Accordingly, the defendant's motion for summary judgment is allowed as to the claims under 42 U.S.C. § 1983 and the Massachusetts Civil Rights Act and otherwise denied.