**Nancy BERGESON, Plaintiff,**

v.

**Domenic FRANCHI, Individually and in his capacity as Director of Franchi Group Associates; and Franchi Group Associates, Defendants.**

**Civ. A. No. 91–11878–C.**

United States District Court,
D. Massachusetts.

Feb. 13, 1992.

Joanne C. Fray, Offices of Joanne Fray, Lexington, Mass., for plaintiff.

Kenneth M. Bello and Kathleen D.H. Pawlowski, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Senior District Judge.

This matter is before the Court on defendants' Domenic Franchi ("Franchi") and Franchi Group Associates ("Associates") motion to dismiss. The plaintiff, Nancy Bergeson ("Bergeson"), is a former employee of the defendant Associates, a real estate management enterprise, at which defendant Franchi was her direct supervisor. In her complaint, plaintiff asks for declaratory relief and monetary damages for statutory and common law claims due to sexual harassment, including breach of contract, assault and battery, wrongful discharge, state and federal civil rights violations, and intentional infliction of emotional distress. Plaintiff originally filed her nine-count complaint in Suffolk Superior Court on June 14, 1991. Defendants then removed the case to this Court pursuant to 28 U.S.C. § 1441.

Defendants move for dismissal of four counts, Counts VI, VII, IV, and VIII, under Federal Rules of Civil Procedure Rule 12(b)(6). The first count, Count VI, alleges that defendant Domenic Franchi intentionally inflicted emotional distress upon the plaintiff. For the reasons set forth in § IIA below, this Court denies the motion with respect to that count. The second of these counts, Count VII, alleges that both defendants breached plaintiff's employment contract in violation of good faith and fair dealing as well as public policy. As discussed in § IIB, this Court grants the motion with respect to Count VII. In the last of these counts, Count IV, plaintiff claims, inter alia, that both defendants violated her civil rights, pursuant to the Massachusetts Civil Rights Act ("Act"). Mass. Gen.Laws Ann. ch. 12, §§ 11H, 11I (West 1986). For the reasons set forth in § IIC below, this Court grants the motion with respect to Count IV.[1]

1. The Court grants defendants' motion for dismissal of Count VIII, which alleged that both

## I.

As alleged by the plaintiff, the relevant facts of this case are as follows. This Court accepts as true all allegations set forth in the complaint for the purposes of this motion.

In March, 1989, defendant Franchi hired the plaintiff as a full-time bookkeeper for defendant Associates. In addition to performing her bookkeeping duties, the plaintiff acted as an office manager and performed a variety of administrative tasks. In the beginning of May, the plaintiff asked to start working part-time on or about May 22, 1989. During that month, Franchi started making sexual advances towards the plaintiff, which continued and worsened over the next three months. These advances began as sexually suggestive comments and actions, such as commenting "You make my blood boil" and throwing hugs and kisses from his desk to hers. Soon thereafter, Franchi began making physical advances toward plaintiff, such as placing his hands on plaintiff's legs, shoulders, and arms while seated in defendant's power-locked car after a business lunch meeting. He threatened that the incident in his car was to remain a secret. Other advances included attempting to kiss her, discussing infidelity and rape, and begging her to fly to Florida with him on business and stay at his house there. Plaintiff continually spurned defendant's many advances.

During this period of time, Franchi offered plaintiff monetary rewards in an attempt to convince her to accept his sexual advances. Such rewards included an offer to reimburse plaintiff for medical expenses, a raise in her salary for no reason, an offer to buy her a fur coat, and an offer to lend plaintiff money to finance her restaurant business. Plaintiff alleges that he once asked her, "How much would it take to buy your love?"

On approximately July 24, 1989, plaintiff telephoned Franchi in Florida to resign from her position because of his constant sexual harassment. During that conversation, he became quite upset when plaintiff admitted that she had discussed his behavior with others. On August 10, 1989, Franchi requested that plaintiff come to his office to dissuade her from leaving. The following day, plaintiff left a resignation letter on his desk. Later that day, plaintiff received a telephone call from an employee of Associates stating that Franchi had fired her.

On approximately August 14, 1989, plaintiff filed a claim with the Massachusetts Commission Against Discrimination ("Commission"). The Commission had not acted upon plaintiff's complaint as of June 14, 1991, when this case was filed in Suffolk Superior Court and later removed to this Court.

## II.

■ As noted above, defendants have moved to dismiss Counts VI, VII, and IV of the complaint, arguing that the three counts fail to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). A court may grant such a dismissal only "if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 52 (1st Cir.1990). In deciding the motion, a court must accept as true all the factual allegations set forth in the complaint and must draw all reasonable inferences in favor of the plaintiff. *Id.* at 52; *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989). In light of these standards, the Court will consider each count in turn.

### A.

■ First, defendant Franchi moves to dismiss Count VI of plaintiff's complaint, which alleges that he intentionally inflicted emotional distress upon the plaintiff. De-

---

defendants wrongfully discharged the plaintiff. In oral argument, plaintiff conceded that Count I of her complaint, which asserted that defendant Franchi subjected plaintiff to a pervasive and continuous pattern of sexual harassment in violation of Mass.Gen.L. ch. 151B, provided a viable alternative argument to the claim in Count VIII. Therefore, the Court dismisses Count VIII and will not discuss it further in this opinion.

fendant asserts that the Workmen's Compensation Statute ("statute") bars the plaintiff from bringing separate, common law claims against the defendant, as the statute serves as the sole and exclusive remedy for personal injuries arising out of employment. *See* Mass.Gen.Laws Ann. ch. 152, §§ 15, 24 (West 1988). Under these exclusivity provisions of the statute, employees are barred from suing the insured entity that is liable for payment under the statute. *Id.* As discussed below, governing Massachusetts law instructs the Court to deny the defendant's motion.

The Massachusetts Supreme Judicial Court has held that the exclusivity provisions of the statute do not bar an employee from suing a co-employee for intentional infliction of emotional distress arising from sexual harassment. *O'Connell v. Chasdi,* 400 Mass. 686, 511 N.E.2d 349 (1987). In *O'Connell,* the plaintiff brought a sexual harassment claim against the corporation and her supervisor for civil rights violations, and against the supervisor for assault and battery and intentional infliction of emotional distress. *Id.* at 686, 511 N.E.2d 349. She alleged that her supervisor, the director of the corporation, repeatedly sexually harassed her, both physically and verbally, while on a business trip. *Id.* at 687–88, 511 N.E.2d 349. She later resigned because of the abuse. *Id.* at 688, 511 N.E.2d 349. A Superior Court jury returned verdicts for the plaintiff on the assault and battery and intentional infliction of emotional distress claims. Relying on *Foley v. Polaroid Corp.,* 381 Mass. 545, 413 N.E.2d 711 (1980), and *Tenedios v. Wm. Filene's Sons Co.,* 20 Mass.App.Ct. 252, 479 N.E.2d 723 (1985), the trial judge granted defendant's motion for judgment notwithstanding the verdict and entered judgment for the defendant. *O'Connell,* 400 Mass. at 689, 511 N.E.2d 349. He reasoned that these separate, common law claims were barred by the exclusivity provisions of the statute. *Id.*

On appeal, the Supreme Judicial Court reversed, holding that the statute did not bar claims against co-employees who commit intentional torts "not related to the interests of the employer." *Id.* at 690, 511

N.E.2d 349; *see Anzalone v. Massachusetts Bay Transp. Auth.,* 403 Mass. 119, 124–25, 526 N.E.2d 246 (1988) (conduct by supervisor related to his position as plaintiff's supervisor and was therefore furthering the interests of the transportation authority). The court contrasted employees who negligently injure a fellow employee in the course of employment with employees who commit intentional torts that are not related to the employer's interest. While the statute immunizes negligent employees who commit torts in the course of employment and bars double recovery, the Court held that the statute did not bar recovery for the commission of intentional torts because such "torts are not an accepted risk of doing business." *O'Connell,* 400 Mass. at 691, 511 N.E.2d 349. As such, employees who are subjected to intentional torts such as assault and battery and intentional infliction of emotional distress stemming from sexual harassment should be able to recover for such common law claims. *Id.*

The instant case is factually analogous to *O'Connell.* Plaintiff claims verbal and physical sexual harassment by her direct supervisor, and bases her common law claim for intentional infliction of emotional distress on the alleged harassment. As noted above, the Supreme Judicial Court has clearly stated that the workmen's compensation exclusivity provision shall not bar common law claims from intentional torts committed by co-employees. *O'Connell,* 400 Mass. at 690, 511 N.E.2d 349. In so holding, the Supreme Judicial Court specifically rejected the reasoning of certain precedents upon which the defendant relies in the instant case. *See id.* at 689, 511 N.E.2d 349 (*citing Foley,* 381 Mass. at 545, 413 N.E.2d 711; *Tenedios,* 20 Mass.App.Ct. at 252, 479 N.E.2d 723).

Further, defendant's argument that Franchi is a director of the company, and therefore the one responsible for the workmens' compensation insurance, is without merit. The claim in question charges defendant Franchi, not the defendant Associates, with intentional infliction of emotional distress due to sexual harassment. This case is again analogous to *O'Connell,*

where a director of the corporation was individually sued for similar transgressions. The court in *O'Connell* characterized their relationship as co-employees, not as insurer and employee. This Court follows the court in *O'Connell*, and treats defendant Franchi as a co-employee, not as the insured entity that is immune from suit. For the foregoing reasons, this Court denies defendant's motion to dismiss the intentional infliction of emotional distress claim.

### B.

The second count in question, Count VII, alleges that both Franchi and Associates breached plaintiff's at-will employment contract. Plaintiff asserts that Associates and Franchi acted with malice and in bad faith in terminating plaintiff's employment. She also asserts that the termination was "not in the best interest of the economic system or the public good and constitutes a breach of the employment contract." Complaint at ¶ 53. Defendants move to dismiss this count.

■ Massachusetts employers are free to terminate an at-will employee at any time and for any or no reason. *See Fortune v. Nat'l Cash Register Co.*, 373 Mass. 96, 100–01, 364 N.E.2d 1251 (1977); *Fenton v. Fed. St. Bldg. Trust*, 310 Mass. 609, 612, 39 N.E.2d 414 (1942). In at least two instances, Massachusetts courts have recognized exceptions to this general rule. First, in some at-will terminations, the courts will imply a covenant of good faith and fair dealing to impose liability on the employer. *Fortune*, 373 Mass. at 100–05, 364 N.E.2d 1251. Massachusetts courts have narrowly construed this exception, however, holding that the absence of good faith in terminating an at-will employee, without more, is not sufficient to trigger liability. *Gram v. Liberty Mut. Ins. Co.*, 384 Mass. 659, 671, 429 N.E.2d 21 (1981). Further, Massachusetts courts have only imposed liability under this exception where employers would unjustly benefit financially by depriving the employees of future compensation earned for past services. *See id.; Fortune*, 373 Mass. at 102,

364 N.E.2d 1251. The courts have distinguished between terminations affecting the "loss of future wages for *past* services," which is bound by the duty of good faith and fair dealing, and "the loss of future income for *future* services," which is not so bound. *Gram*, 384 Mass. at 672, 429 N.E.2d 21 (emphasis added). For example, in *Fortune*, the Supreme Judicial Court imposed liability on a company for breaching the duty of good faith and fair dealing for discharging a salesman who had earned a large commission for which he had not yet been compensated at the time of termination. *Fortune*, 373 Mass. at 100–05, 364 N.E.2d 1251. Thus, the first exception, good faith and fair dealing, is very narrow and fact specific.

■ As a second exception, Massachusetts courts have imposed liability on an employer for terminating an at-will employee if the method of termination is in violation of a clearly established public policy. *See Hobson v. McLean Hosp. Corp.*, 402 Mass. 413, 416, 522 N.E.2d 975 (1988); *DeRose v. Putnam Management Co.*, 398 Mass. 205, 210, 496 N.E.2d 428 (1986); *Gram*, 384 Mass. at 668 n. 6, 429 N.E.2d 21; *Glaz v. Ralston Purina Co.*, 24 Mass. App.Ct. 386, 389–90, 509 N.E.2d 297 (1987). For example, Massachusetts courts have created a common law cause of action for violations of public policy in the following instances: "asserting a legally guaranteed right (e.g., filing workers' compensation claim), for doing what the law requires (e.g., serving on a jury), or for refusing to do that which the law forbids (e.g., committing perjury)." *Smith–Pfeffer v. Superintendent of Walter E. Fernald State Sch.*, 404 Mass. 145, 149–50, 533 N.E.2d 1368 (1989). Courts are hesitant, however, to create a new common law cause of action, only doing so when there is "no other way to vindicate such public policy." *Melley v. Gillette Corp.*, 19 Mass.App.Ct. 511, 512, 475 N.E.2d 1227 (1985), aff'd, 397 Mass. 1004, 491 N.E.2d 252 (1986). Thus, where the legislature has already provided a remedy by enacting a comprehensive remedial statutory scheme, Massachusetts courts have not created a new, duplicative com-

mon law cause of action for a violation of the public policy. *Melley,* 19 Mass.App.Ct. at 513, 475 N.E.2d 1227 (1985); *Grubba v. Bay State Abrasives, Div. of Dresser Indus., Inc.,* 803 F.2d 746 (1st Cir.1986); *Mello v. Stop & Shop Cos.,* 402 Mass. 555, 524 N.E.2d 105 (1988). In *Melley,* the Massachusetts Appeals Court declined to create a new common law cause of action for age discrimination, by carving out a public policy exception to the at-will termination rule, because a new cause of action would interfere with the existing remedial statute protecting against age discrimination. *Melley,* 19 Mass.App.Ct. at 512, 475 N.E.2d 1227.

■ In the instant case, the plaintiff's breach of contract claim asserts both exceptions, good faith and public policy. The plaintiff first alleges that the defendants terminated her in bad faith and malice as a retaliatory gesture, in violation of the duty of good faith and fair dealing. Although it would suggest bad faith to discharge the plaintiff in this manner, the court in *Gram* instructs that bad faith alone does not trigger liability under the good faith exception. As noted above, only those terminations that deprive a discharged employee of earned compensation fall within this narrow exception. The plaintiff in the instant case relies on the bad faith and malice of her termination, not her employer's deprivation of her past earnings. Thus, this Court concludes that the good faith and fair dealing exception is not available to the plaintiff in the instant case.

■ Plaintiff also claims that her termination, stemming from defendant Franchi's sexual harassment of her, violated the Massachussetts' public policy against such harassment. The Massachusetts Supreme Judicial Court has clearly articulated a public policy against sexual harassment in the workplace. *See College–Town, Div. of Interco, Inc. v. Massachusetts Comm'n Against Discrimination,* 400 Mass. 156, 162, 508 N.E.2d 587 (1987). In *College–*

*Town,* the court noted that a "work environment pervaded by harassment or abuse, with the resulting intimidation, humiliation, or stigmatization, poses a formidable barrier to the full participation of an individual in the workplace." *Id.* The Massachusetts legislature, as interpreted by the Supreme Judicial Court, has provided comprehensive schemes to remedy such harassment by enacting Mass.Gen.L. ch. 151B and the Act. *See id.* at 162, 508 N.E.2d 587 ("sexual harassment may constitute discrimination in violation of G.L. c. 151B, § 4(1)," a statute remedying unlawful discrimination); *O'Connell,* 400 Mass. at 693–94, 511 N.E.2d 349 (sexual harassers "may violate secured rights within the meaning of" the Act);[2] *see also* Mass.Gen.Laws Ann. ch. 214, § 1C (West 1989) (right of freedom from sexual harassment). As noted above, however, Massachusetts courts will not create a new cause of action for a termination that violates public policy if an existing remedial statute provides a means to vindicate such public policy. Because these statutes provide a remedial framework for handling such sexual harassment claims, this Court will not create a new common law cause of action to redress plaintiff's grievances.

For the foregoing reasons, this Court grants defendant's motion to dismiss Count VII of the plaintiff's complaint, which argues for relief from breach of contract.

### C.

■ Lastly, defendants move to dismiss Count IV of plaintiff's complaint, which states that the defendants violated plaintiff's civil rights in violation of the Act. Defendants argue that plaintiff is precluded from bringing this independent cause of action under the Act because the Massachusetts discrimination statute, Mass. Gen.L. ch. 151B, is the exclusive remedy for workplace sexual harassment. As mentioned briefly above, Mass.Gen.L. ch. 151B is a comprehensive remedial statute for

**2.** The court's holding was limited by the facts of *O'Connell.* Because she worked for a small employer, with less than six employees, the plaintiff was not covered by the Mass.Gen.L. ch. 151B remedy. Thus, although the court allowed

her to assert a claim based on the Act, it made no conclusion as to the exclusivity of Mass. Gen.L. ch. 151B. For a further discussion of this issue, *see infra* § IIC.

unlawful discrimination, imposing procedural, jurisdictional, and statute of limitations prerequisites for its use.[3] The Act, on the other hand, does not burden plaintiffs with such prerequisites, providing a private right of action for equitable relief "whenever any person ... interfere[s] by threats, intimidation or coercion, or attempt[s] to interfere by threats, intimidation or coercion, with the exercise or enjoyment of any other person ... of rights secured by the constitution or laws of the commonwealth...." Mass.Gen. Laws Ann. ch. 12, §§ 11H, 11I.

Defendants argue that Massachusetts courts disfavor duplicative remedies, especially when the legislature has provided a comprehensive scheme to redress the plaintiff's grievances. Thus, the defendants claim that Massachusetts courts would most likely deny the use of both statutory remedies in this instance. *See Melley,* 19 Mass.App.Ct. at 514, 475 N.E.2d 1227 ("the policies of G.L. c. 151B and the recent decisions of the Supreme Judicial Court ... disfavor the creation of duplicative remedies ..."). Plaintiff asserts that she can bring both causes of action, one based on Mass.Gen.L. ch. 151B and a second based on the Act, simultaneously.

The Massachusetts Supreme Judicial Court has held that the Act provides a remedy for victims of sexual harassment in a workplace whose employers are not covered by Mass.Gen.L. ch. 151B. *O'Connell,* 400 Mass. at 693, 511 N.E.2d 349. The plaintiff in *O'Connell* was precluded from bringing a cause of action under Mass. Gen.L. ch. 151B because her employer had less than the six employees required under the statute. *Id.* at 693 n. 9, 511 N.E.2d 349; *see* Mass.Gen. Laws Ann. ch. 151B, § 1(5). The court allowed the plaintiff to use the Act as an alternate legal cause of action for the sexual harassment she experienced, holding that sexual harassment violated her equal protection rights under art. 1 of the Declaration of Rights of the Massachusetts Constitution. *Id.* at 693, 511 N.E.2d 349. In so holding, therefore, the court assured plaintiffs of small companies not covered by Mass.Gen.L. ch. 151B that, pursuant to the Act, the Massachusetts Constitution secures their right to be free from sexual harassment. However, the court specifically declined to address whether Mass.Gen.L. ch. 151B is the exclusive remedy for those employees whom it covers, or whether such plaintiffs could also avail themselves of the Act's protections. *Id.* at 693 n. 9, 511 N.E.2d 349.

In declining to address this issue, the court in *O'Connell* cited three analogous Massachusetts cases. *O'Connell,* 400 Mass. at 693 n. 9, 511 N.E.2d 349 (citing *Melley,* 19 Mass.App.Ct. at 514, 475 N.E.2d 1227; *Comey v. Hill,* 387 Mass. 11, 20, 438 N.E.2d 811 (1982); *Mouradian v. General Elec. Co.,* 23 Mass.App.Ct. 538, 503 N.E.2d 1318 (1987)). Given the Supreme Judicial Court's silence on this issue, this Court must use its best judgment to interpret the available similar precedents, starting with the cases cited by *O'Connell.*[4]

---

**3.** For example, as noted *supra* note 2, employees must work for an employer with six or more employees to qualify for protection. Mass.Gen. Laws Ann. ch. 151B, § 1(5) (West 1982). Also, plaintiffs must exhaust their administrative remedies before seeking redress in Massachusetts Superior Court. Thus, plaintiffs must file their claim with the Commission within six months of the alleged discriminatory conduct. Mass.Gen.Laws Ann. ch. 151B, § 5 (West 1989). If the Commission does not act on the claim within ninety days after its filing, the plaintiff may file a complaint in Massachusetts Superior Court, thereby dismissing the Commission claim. Mass.Gen.Laws Ann. ch. 151B, § 9 (West 1982).

**4.** Faced with no controlling state precedents of determinative issues, federal courts in Massachusetts have periodically availed themselves of the certification procedure of the Supreme Judicial Court to resolve questions of state law with finality and consistency. Wilkins, *Certification of Questions of Law: the Massachusetts Experience,* 74 Mass.L.Rev. 256 (Dec.1989); Mass.Sup. Jud.Ct.R. 1:03, as appearing in 382 Mass. 698, 700 (1981). However, the certification requirements of the Supreme Judicial Court require that the certifying federal court provide it with undisputed facts. *Canal Elec. Co. v. Westinghouse Elec. Corp.,* 406 Mass. 369, 372, 548 N.E.2d 182 (1990) (quoting *Schlieter v. Carlos,* 108 N.M. 507, 775 P.2d 709, 711 (1989)) ("if, in the future, the 'questions certified to us ... are not accompanied by sufficient nonhypothetical, evidentiary facts to allow us to adequately determine' the answers, we may decline to answer such questions"). At this stage of the instant

The first two cases cited, *Melley* and *Comey*, discuss the availability of a common law cause of action in addition to the Mass.Gen.L. ch. 151B remedy. First, as previously discussed in § IIB, the Massachusetts Appeals Court in *Melley* declined to create a new common law cause of action for age discrimination, by carving out a public policy exception to the at-will termination rule, because a new cause of action would interfere with the existing remedial statute protecting against age discrimination, Mass.Gen.L. ch. 151B. *Melley*, 19 Mass.App.Ct. at 512–13, 475 N.E.2d 1227. By contrast, in the second cited case, the Supreme Judicial Court held that the plaintiff could assert an existing, recognized common law claim, in addition to his Mass. Gen.L. ch. 151B cause of action, in his age discrimination suit against his employer. *Comey*, 387 Mass. at 20, 438 N.E.2d 811. The court in *Comey* allowed the plaintiff's claim of tortious interference with an advantageous relationship, despite the defendant's assertion that the Mass.Gen.L. ch. 151B remedy was comprehensive and exclusive. *Id.* Thus, Massachusetts courts distinguish between declining to create new common law causes of action in addition to the statutory scheme, as in *Melley*, and allowing existing, recognized common law claims in addition to the statutory scheme, as in *Comey*. *Melley*, 19 Mass.App.Ct. at 513, 475 N.E.2d 1227; *Comey*, 387 Mass. at 20, 438 N.E.2d 811; *see also Mouradian*, 23 Mass.App.Ct. at 542–43, 503 N.E.2d 1318.

Although the cited cases discuss the co-existence of Mass.Gen.L. ch. 151B and common law claims, neither of the cases addresses whether the statutory remedy is exclusive with respect to another statutory cause of action. In the instant case, this Court is not being asked to create a new common law remedy, as in *Melley*, or to allow an additional recognized common law remedy, as in *Comey*. The plaintiff wishes to avail herself of the Act, which the Supreme Judicial Court has recently recognized as a statutory cause of action for certain victims of sexual harassment. Thus, the first two cases do not provide this Court with guidance for this precise question.

The third case that the court cites in *O'Connell*, *Mouradian v. General Electric Company*, involves a statutory claim for relief under the Act for wrongful termination based on age discrimination. *Mouradian*, 23 Mass.App.Ct. at 538, 503 N.E.2d 1318. In *Mouradian*, the Massachusetts Appeals Court held that the plaintiff was precluded from bringing a claim under the Act. *Id.* at 543, 503 N.E.2d 1318. However, unlike the instant case, the plaintiff in *Mouradian* did not prevail in his initial claim for relief with the Commission under Mass.Gen.L. ch. 151B because he failed to meet the statute's procedural prerequisites. Subsequently, the court did not allow the plaintiff to claim relief under the Act, reasoning that, in order to invoke the protections of the Act, a claim must first establish that such actions violated a "right[ ] secured by the constitution or laws of the commonwealth." *Id.*; Mass.Gen.Laws Ann. ch. 12, § 11H. The court upheld the granting of the motion to dismiss in the case because "the only 'right secured by the ... laws of the commonwealth' ... is the right which could have been enforced under the procedures established by c. 151B." *Mouradian*, 23 Mass.App.Ct. at 543, 503 N.E.2d 1318. Thus, to allow relief under the Act for a violation of a right secured by Mass.Gen.L. ch. 151B, the court reasoned, would allow the plaintiff a second chance to pursue a claim that he had already forfeited by not complying with the statute of limitations provisions of Mass. Gen.L. ch. 151B. Thus, the court held that the plaintiff did not deserve an independent, duplicative statutory cause of action based on the Act. *Id.*[5] The court did not

---

case, with only the complaint and the answer on which to rely, there remain many important disputed facts. Thus, this Court declines to certify this issue to the Supreme Judicial Court.

**5.** Further, the court noted in a footnote that it was doubtful that the plaintiff had alleged the required "threats, intimidation, or coercion" to state a violation of the Act. *Id.* at 543 n. 5, 503 N.E.2d 1318 (quoting Mass.Gen.L. ch. 12, § 11H); *see also Sereni v. Star Sportswear Manufacturing Corp.*, 24 Mass.App.Ct. 428, 431–32, 509 N.E.2d 1203 (1987) (age discrimination

preclude recovery under the Act for all Mass.Gen.L. ch. 151B claims, however, noting that: "[t]here may be a case in which the termination of an at-will employee could give rise to a tenable complaint seeking relief under" the Act. *Id.*

Unlike *Mouradian,* the plaintiff in the instant case has followed the prerequisites for Mass.Gen.L. ch. 151B and seeks relief under both Mass.Gen.L. ch. 151B and the Act. The language of *Mouradian* strongly suggests that plaintiffs who claim discrimination in employment termination, at least in the age discrimination context, must avail themselves of the remedy provided in Mass.Gen.L. ch. 151B, precluding them from further relief under the Act. The court in *Mouradian* also suggests a reluctance to allow new statutory causes of action for those claims that could be vindicated by the remedial administrative relief set forth in Mass.Gen.L. ch. 151B. This reasoning would suggest that, in certain employment termination claims, perhaps extending to sexual harassment claims, plaintiffs are precluded from bringing a claim for relief under the Act because of Mass.Gen.L. ch. 151B.

In addition to these state cases cited in *O'Connell,* the U.S. District Court for the District of Massachusetts has interpreted Massachusetts state case law in addressing whether plaintiffs can bring causes of actions under the Act when Mass.Gen.L. ch. 151B applies. In three 1990 cases, these federal courts were presented with claims brought under the Act for employment discrimination in terminations based on race and handicap. In each case, the court held that plaintiffs were precluded from claiming discrimination under the Act when they could avail themselves of the procedures outlined in Mass.Gen.L. ch. 151B. *Conway v. Boston Edison Co.,* 745 F.Supp. 773, 779–80 (D.Mass.1990) (handicap discrimination); *Butler v. RMS Technologies, Inc.,* 741 F.Supp. 1008, 1010–11 (D.Mass.1990) (race discrimination); *Bester v. Roadway Express, Inc.,* 741 F.Supp. 321, 322–23

(D.Mass.1990) (race discrimination). In these cases, the courts relied on *Mouradian* and *Sereni* to conclude that the claims should have been brought exclusively under the specific, uniform legislative remedy for employment discrimination, Mass. Gen.L. ch. 151B. *Conway,* 745 F.Supp. at 779–80; *Butler,* 741 F.Supp. at 1011; *Bester,* 741 F.Supp. at 322–23. Thus, the Courts held that each of these plaintiffs was precluded from bringing an action based on the Act. *Conway,* 745 F.Supp. at 780; *Butler,* 741 F.Supp. at 1011; *Bester,* 741 F.Supp. at 323.

As the foregoing indicates, neither state nor federal courts in Massachusetts have been faced with the interplay of simultaneous claims under the Act and Mass. Gen.L. ch. 151B in the sexual harassment context; however, they have addressed very similar issues. Following the lead of these courts, this Court holds that the plaintiff may not proceed under the Act in this instance. The plaintiff in the instant action followed the procedural, jurisdictional, and statute of limitations prerequisites to claim relief under Mass.Gen.L. ch. 151B, and this Court will not allow the plaintiff to allege a duplicative claim under the Act. To permit such duplication of remedies would allow claimants to bypass the procedural prerequisites defined by the legislature in Mass.Gen.L. ch. 151B, crippling the effectiveness of this specific statutory remedy for discrimination in employment. Given the support in analogous state and federal decisions, and in the absence of clear guidance from the Supreme Judicial Court on how far-reaching their decision in *O'Connell* is, this Court grants defendant's motion to dismiss with respect to Count IV.

Order accordingly.

claim under the Act was precluded by Mass. Gen.L. ch. 151B, citing the *Mouradian* reasoning). That is not at issue in the instant case, for the plaintiff alleges similar harassment as the

plaintiff in *O'Connell,* who experienced the requisite threats, intimidation, and coercion to make out a claim under the Act.