Houston, J.
BACKGROUND
This matter is before the court on a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) brought by the defendants Bytex Coiporation (Bytex), Peter Seymour (Seymour), Mary Charnley (Charnley), Mary Freeman (Freeman) and Michael Mancusi (Mancusi). Defendants move for dismissal of all fourteen counts of the complaint with the exception of counts three and six. In the underlying action, Christine Dietz (Dietz) brought suit arising from her employment and subsequent termination by Bytex. The complaint alleges various statutory and common law claims against the defendants including, but not limited to sexual discrimination, civil rights violations and negligent and intentional infliction of emotional distress. For the following reasons, the defendants’ motion is Allowed on counts five, seven, twelve and fourteen and is Denied on counts one, two, four, nine, ten, eleven and thirteen. On count eight of the complaint the motion to dismiss is allowed as to Bytex and denied as to Charnley.
FACTS
The following facts are from Dietz’s complaint and are taken as true for the purposes of this motion:
From approximately January 8,1990, until December, 1991, Dietz was employed by Bytex as a software engineer. During this time, both defendants Seymour and Freeman served, at various times, as Dietz’s supervisor. Mancusi was at all relevant times Seymour and Freeman’s supervisor. Charnley was at all relevant times Bytex’s Human Services Ombudsperson. During her employment at Bytex, Dietz was repeatedly given numerous projects but not the time, personnel or resources to complete them. In or around July of 1991, Seymour wrote a performance review of Dietz criticizing her inability to complete numerous projects at one time. Dietz challenged the review and defendants subsequently admitted its falsity. Following this incident, Seymour continued to set impossible productivity goals for Dietz and Charnley told Dietz that she must work more than a forty-hour week or face losing her job. Between July and November of 1991, Dietz was assigned to write a test program for the “Piccolo” project. Seymour then asked Dietz to write a full-functionality plan but wanted Dietz to tell the “Piccolo” team she was writing a two-phase plan. When Dietz asked Seymour to put his request into writing, he refused and allowed Dietz to tell the team she was writing a full-functionality plan. Following this incident Seymour submitted a Performance Warning to Dietz’s personnel file accusing her of being “insubordinate” and “intolerable.” On or about November 27, 1991, Dietz, Seymour and Charnley met to discuss the Performance Warning. Dietz left the meeting after her request to tape record the meeting was denied. Charnley followed Dietz, screaming and grabbing at Dietz. On or about December 2, 1991, Bytex terminated Dietz. Among other damages, Dietz has suffered chronic stress, weight loss, and an involuntary miscarriage as a result of defendants’ actions.
DISCUSSION
Pursuant to Mass.R.Civ.P. 12(b)(6), a complaint should not be dismissed for failure to state a claim upon which relief can be granted “unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The allegations of the complaint and the inferences that may be drawn therefrom in the plaintiffs favor are to be taken as true. Nader, 372 Mass, at 98. The moving party must establish beyond doubt that there is no set of facts which the plaintiff could prove which would entitle her to relief. A complaint is not subject to dismissal if it could support relief under any theoiy of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
Counts One, Two, Four, Nine, Ten, Eleven and Thirteen
Because Plaintiff Dietz’s complaint on counts one, two, four, nine, ten and thirteen states claims for which relief may be granted, defendant’s motion to dismiss as to these counts is Denied. In view of the court’s allowance of defendants’ motion for a more definite statement on count eleven of Dietz’s complaint, defendants’ motion to dismiss this count is Denied without prejudice.
Count Five
In count five, Dietz makes a claim for breach of the covenant of good faith and fair dealing and/or common-law good faith by Bytex. The “termination by the employer of a contract of employment at will which is motivated by bad faith or malice . . . constitutes a breach of the employment contract . . .’’ Fortune v. National Cash Register, 373 Mass. 96, 104 (1977) [cite omitted]. However, the courts have only recognized this claim in situations where an employee is terminated so that the employer may retain financial benefits, such as commissions or other income, which the *177 employee earned prior to termination. See Fortune, 373 Mass. at 105 (employer acted in bad faith by firing salesman who was on the brink of closing a $5,000,000 sale and proceeding to deny him any commission on sale); McCone v. New England Telephone & Telegraph Co., 393 Mass. 231, 234 (1980), citing Gram v. Liberty Mutual Insurance Co., 391 Mass. 333, 335 (1984) (Gram II) (court states goal in rectifying breach of good faith and fair dealing is to deny employer “any readily definable, financial windfall resulting from the denial to [employee] of compensation for past services”). Dietz’s complaint lacks any allegations that Bytex terminated her employment in order to deprive her of benefits already earned. Although Dietz does allege she was expected to work overtime, there is no allegation that she was the type of employee entitled to any additional compensation for overtime. Therefore, for the above stated reasons, defendants’ motion to dismiss count five of the complaint is Allowed.
Count Seven
Count seven of Dietz’s complaint alleges that all five defendants acted in violation of her constitutional and/or statutory civil rights. Under the Massachusetts Civil Rights Act, G.L.c. 12, §11H, (MCRA), a claim may be brought where “any person or persons . . . interfere by threats, intimidation or coercion ...” with another’s rights under the constitution or laws of the Commonwealth or the United States. However, the courts have held that in claims brought for discrimination in employment, the comprehensive remedial scheme of M.G.L.c. 151B precludes the bringing of a separate claim under the MCRA. See Bergeson v. Franchi 783 F.Supp. 713, 718-21 (D.Mass. 1992) (defendant’s motion to dismiss claim under MCRA as duplicative of claim under M.G.L.c. 151B allowed in sexual harassment claim); see also Mouradian v. General Electric Co., 23 Mass.App.Ct. 538, 541-43 (1987), rev. denied 399 Mass. 1105 (dismissal of claim under MCRA in age discrimination suit as being duplicative of claim under M.G.L.c. 151B affirmed); Conway v. Boston Edison Co., 745 F.Supp. 773, 780 (D.Mass. 1990) (motion for summary judgment on grounds that claim under MCRA for handicap discrimination was duplicative of claim under M.G.L.c. 151B allowed). In the present case, Dietz has already brought a claim pursuant to c. 15 IB in count one of her complaint. Therefore, she is precluded from bringing the same claim under the MCRA and defendants’ motion to dismiss count seven of the complaint is Allowed.
Count Eight
Count eight of Dietz’s complaint alleges assault and battery on the part of Chamley and Bytex. The courts have held that a claim for an intentional tort by a co-employee which occurs outside the scope of employment is not barred by the Workmen’s Compensation Act. O’Connell v. Chasdi 400 Mass. 686, 690-91 (1987). In the present case, the claim for assault and battery arises from Chamley’s grabbing of Dietz following the meeting of November 27, 1991. Whether this act took place within the scope of employment is to be determined by the finder of fact and, therefore, the motion to dismiss as to Chamley on count eight is Denied.
However, in order for Bytex to be vicariously liable for Chamley’s actions, they must have occurred within the scope of Chamley’s employment. See generally Howard v. Burlington 399 Mass. 585, 590 (1987), and cases cited. Pursuant to M.G.L.c. 152, §24, the Workers’ Compensation Act bars any recovery at common law for personal injuries occurring within the scope of employment unless written notice reserving such rights was given to the employer at the time of hire. No such notice was given by Dietz. Therefore, Dietz’s claim against Bytex for the intentional tort of assault and battery is barred by the Workers’ Compensation Act and the motion to dismiss count eight is Allowed as to Bytex.
Count Twelve
Count twelve of Dietz’s complaint alleges unfair and deceptive trade practices under M.G.L.c. 93A on the part of Charnley, the Human Services Ombudsperson for Bytex. In Manning v. Zuckerman, 388 Mass. 8, 12 (1983), the court stated that “The Legislature did not intend [M.G.L.c. 93A] to cover employment contract disputes between employers and the employees who work in the employer’s organization, nor to disputes between members of that organization arising out of the employment relationship.” In her complaint, Dietz acknowledges that Charnley was a co-employee (¶4). Dietz’s claim that Charnley’s title of Ombudsperson led Dietz to rely on Chamley to be a neutral third party in Dietz’s dispute with her supervisors and Bytex is insufficient to establish the type of business-to-business or consumer-to-business relationship necessary to establish a claim under M.G.L.c. 93A. Therefore, defendants’ motion to dismiss is Allowed on count twelve of Dietz’s complaint.
Count Fourteen
Count fourteen of Dietz’s complaint alleges intentional interference with potential advantageous and/or contractual relationships, or constructive self-defamation. It is recognized that an employer has “a conditional privilege to disclose defamatory information concerning an employee when the publication is reasonably necessary to serve the employer’s legitimate interest in the fitness of an employee to perform his or her job.” McCone v. New England Tel. & Tel. Co., 393 Mass. 231, 235 (1984) (cite omitted). This privilege is only lost where there is unnecessary, unreasonable or excessive publication of the information which is done recklessly. Bratt v. International Business Machs. Corp., 392 Mass. 508, 509 (1984) (citation omitted). There are no allegations in Dietz’s complaint that Bytex has exceeded this privilege.
However, in the present case, Dietz alleges that she, not Bytex, must “publish” the alleged defamatory statements by repeating them to prospective employ *178 ers. The Massachusetts courts do not recognize such a cause of action for constructive self-defamation and, therefore, defendants' motion to dismiss is Allowed as to count fourteen.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants’ motion to dismiss be DENIED on Counts One, Two, Four, Nine, Ten, Eleven, Thirteen, and as to Charnley on Count Eight. Additionally it is hereby of ORDERED that defendants’ motion to dismiss be ALLOWED as to Counts Five, Seven, Twelve, Fourteen and as to Bytex on Count Eight.