McHugh, J.
I. BACKGROUND
Plaintiff, Gustelia Belonni, seeks in this action to recover damages from defendant Reservoir Nursing Center, for what she claims was the latter's retaliatory discharge of her in violation of public policy (Count I), retaliatory discharge of her in violation of G.L.c. 152, §75B (Count II), violation of the Massachusetts Civil Rights Act, G.L.c. 12, §§11H and 111 (Count IV) and handicap discrimination in violation of G.L.c. 152, §75B and G.L.c. 151B, §4 (Counts V, VI).[1]
Defendant now has moved to dismiss Counts I and IV, see Mass.R.Civ.P. 12(b)(6)[2] and for summary judgment on Counts II, Vand VI pursuant to Mass.R.Civ.P. 56.
II. UNDISPUTED FACTS
Defendant (“Reservoir”) operates a nursing home in Waltham, Massachusetts. Plaintiff was employed full time as a nurse’s aide at Reservoir from October 25, 1988 to December 8, 1989, when she was fired.
During the course of her employment at Reservoir, plaintiff received several written warnings which were entered in her personnel file. The first warning was issued in January of 1989. The warning noted that plaintiff failed to change a patient covered with feces despite being asked to do so twice. The warning also contained plaintiffs signature, her explanation that she had not heard the requests and her statement that she was sorry.
The second warning was issued in July of 1989. That warning stated that plaintiff had become angry and threatened a charge nurse who was attempting to instruct plaintiff on proper bed-making procedure. Plaintiff did not sign that warning.
On November 6, 1989 plaintiff claims to have injured her back while lifting a patient at Reservoir. Plaintiff filed an incident report with the charge nurse, Cynthia Winterkorn, that same night and described her injury in that report. Plaintiff continued to work full time from the date of the injury to the date she was terminated.
On November 28, 1989, plaintiff received a third written warning. That warning claimed she had disrupted the facility by arguing loudly with another employee. Again, plaintiff did not sign that warning, During that last week of November 1989, however, plaintiff claims that she was in severe pain as a result of the back injury and that she asked Carolyn Delaney, Reservoir’s director of nursing, for the forms she needed in order to file a worker’s compensation claim. Plaintiff maintains that Delaney refused to give her the forms and that, as a result, she was unable to file a claim. Plaintiffs Affidavit, ¶4.
On December 5, 1989, one week after the events just described, Reservoir Administrator Lori Charles told plaintiff that she,. Charles, had discovered plaintiffs placement of four telephone calls to New York City from a patient’s room. Toll charges for the calls totalled $5.45. Plaintiff acknowledged making the calls but stated that she had received permission from Delaney, the nursing supervisor, to make emergency phone calls from patients’ rooms as long as Reservoir was reimbursed. Plaintiff paid for the calls on December 5. Charles told plaintiff that she was likely to be terminated because placing toll calls from a patient’s room was against Reservoir’s rules.
On the next day, December 6, 1989, plaintiff sought medical attention for her back from Dr. Chi Wang, M.D. Dr. Wang took x-rays of plaintiff and found minor bulging in one of the spinal discs. Dr. Wang issued a note stating that plaintiff should avoid heavy lifting *449 and should do light work. That same day, in a meeting attended by plaintiff, Charles and two other Reservoir officers, Charles fired plaintiff. Plaintiff claims in an affidavit that Charles told her at the meeting that she was aware of Dr. Wang’s note. Plaintiff also claims that Charles told her that she should resign and, when she declined to do so, fired her. Plaintiffs Affidavit ¶6.[3]
On February 9, 1990 plaintiff filed a Workers' Compensation Claim with the Department of Industrial Accidents for her back injury. The claim sought payment for a “total” disability from December 8, 1989, the date plaintiff was discharged. After a full hearing the Division of Industrial Accidents found that plaintiff had been partially disabled as a result of her back injury from November 6,1989 until March 6, 1990 and that the injury was causally related to her employment at Reservoir.
III. DISCUSSION A. 12(b)(6) Motion
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must take as true the allegations of the complaint, as well as any inference that can be drawn from those allegations in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. A complaint may not be dismissed for failure to state a claim upon which relief can be granted unless “on the face of the complaint it is unmistakable that the plaintiff can prove no facts in support of a tenable legal claim.” Disend v. Meadowbrook School, 33 Mass.App.Ct. 674, 676 (1992).
1. Count I: Discharge in Violation of Public Policy
Defendant asserts that the statutory remedy for retaliatory discharge provided by G.L.c. 152, §75B, precludes plaintiffs common-law claim. Plaintiff responds that if this court grants defendant summary judgment on the statutory retaliatory discharge claim, plaintiff must be free to proceed at common law.
In general, an employee may not bring a common-law claim for retaliatory discharge where a statutory remedy exists. Magerer v. Sexton & Co., 912 F.2d 525, 531-32 (1st Cir. 1990); Mello v. Stop & Shop Companies, Inc., 402 Mass. 555, 557 (1988). Here, such a remedy is embodied in the Workers’ Compensation Act, G.L.c. 152, §75B. I am of the opinion that plaintiff consequently cannot also seek a remedy under the common law.
2. Count IV: Violation of G.L.c. 12, §§11H and 111
Defendant claims that plaintiff cannot maintain a claim under the Massachusetts Civil Rights Act, G.L.c. 12, §§11H and 111, because (1) the Act does not afford a remedy where another remedy is supplied by a more particular statute and, independently, (2) the Complaint fails to allege conduct amounting to a violation of the Act. Plaintiff asserts that (1) if this Court does not allow a claim under G.L.c. 152, §75B, plaintiff must be allowed to proceed under the Civil Rights Act and (2) defendant’s behavior was sufficiently intimidating and coercive to state a claim under the Act.
In my view, the existence of the remedy provided by G.L.c. 152, §75B is dispositive. Where the right plaintiff seeks to enforce or vindicate is created by a statute that provides both a right and a remedy, the Civil Rights Act does not provide a duplicate remedy. See generally Serini v. Star Sportswear Mfg. Corp., 24 Mass.App.Ct. 428, 431-32 (1987); Mouradian v. General Electric Co., 23 Mass.App.Ct. 538, 543; Bergeson v. Franchi, 783 F.Supp. 713, 718-21 (D.Mass. 1992).[4]
B. Summary Judgment
Allowance of a motion for summary judgment is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where the party moving for summary judgment does not have the burden of proof at trial, this burden may be met by either submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
1. Count II; Discharge in Violation of G.L.c. 152, §75B(2)
Defendant claims that plaintiff as a matter of law cannot prove a discharge in retaliation for filing a claim under antiretaliation provisions of the workers compensation statute, G.L.c. 152, §75B(2), because she did not file that claim until after she was discharged. Plaintiff asserts that the date she actually filed her claim has no impact on that claim’s viability.
This Court must interpret the law so as to effectuate the intent of the legislature in enacting it. Sterilite Corp. v. Continental Cas. Co., 397 Mass. 837, 839 (1986). Courts have a duty to give a statute a reasonable construction. Children’s Hosp. Medical Center v. City of Boston, 354 Mass. 228,233 (1968). In choosing between two plausible readings of a statute, a court will adopt that which more faithfully effectuates legislative intent. In re Computer Devices, Inc., 51 B.R. 471, 479 (D.Mass. 1985).
G.L. 152, §75B(2) provides in relevant part:
No employer or duly authorized agent of any employer shall discharge, refuse to hire or in any other manner discriminate against an employee because the employee has exercised a right afforded by this chapter.
*450 Defendant interprets the language “has exercised a right” to mean actually filing a claim. That interpretation is unpersuasive. Section 75B(2) is designed to allow employees to exercise their rights under Chapter 152 free from fear of retaliation. One of those rights is the filing of a claim for worker’s compensation. According to plaintiff, she tried to exercise that right, and was first rebuffed and then discharged because the defendant did not want her to file a claim. There are genuine issues of material fact on that score. If Reservoir did what plaintiff alleges, however, that is precisely the sort of behavior §75B was designed to prevent. To make a distinction between an employee who attempts to exercise a right and is thwarted by the employer, and an employee who actually succeeds in the attempt would, it seems to me, pervert the meaning of the statute and inappropriately circumscribe the statute’s protective shield.
2. Count V, VI: Handicap Discrimination
Defendant asserts that plaintiff is not entitled to seek relief under G.L.c. 152, §75B and G.L.c. 151B, §§4, 9 for alleged handicap discrimination because (1) plaintiffs deposition testimony that she was totally disabled is inconsistent with the handicap claim and (2) plaintiff failed to file a charge of handicap discrimination with the Massachusetts Commission Against Discrimination (“MCAD”) as required by Chapter 151B. In response, plaintiff asserts that (1) her work history makes plain that she was only partially disabled, and thus handicapped under the statute and (2) the fact that her back injury was noted several times in a schedule attached to the MCAD complaint in which she complained of a retaliatory discharge served as notice that she was claiming discrimination on the basis of handicap.
There is a genuine issue of material fact concerning whether plaintiff was “handicapped” within the meaning of G.L.c. 152, §75B(1). That statute provides:
Any employee who has sustained a work-related injury and is capable of performing the essential functions of a particular job, or who would be capable of performing the essential functions of such job with reasonable accommodations, shall be deemed to be a qualified handicapped person within the provisions of [c. 15 IB].
To be sure, plaintiffs assertions that she was totally disabled place her beyond the statute’s reach. The Board concluded, however, that she was only partially disabled and Dr. Wang’s note, a note that, on the present record, this court must conclude came to Reservoir’s attention before plaintiff was discharged, suggested that she be given light duty. That is enough to give plaintiff the “toehold,” Marr Equipment Corp. v. I.T.O. Corp. of New England, 14 Mass.App.Ct. 231, 235 (1982), she needs for survival.
Nevertheless, I am of the opinion that plaintiff did not comply with the filing requirements of G.L.c. 151B, §5, and therefore is barred by c. 151B, §9 from filing her claim here.[5] Those filing requirements are intended to give employers fresh notice of discrimination complaints, Christo v. Edward G. Boyle Ins. Agency, Inc., 402 Mass. 815, 817 (1988), no doubt in the hope that something can be done about the problem before the consequences become irreparable. The filing requirements therefore are an important part of the statutory scheme and cannot be lightly disregarded.
Plaintiffs MCAD claim nowhere states that she is claiming discrimination on the basis of handicap. In part, she asserts that no such claim appears because there was no box stating “handicap” on the MCAD form for her to check off. But plaintiff prepared her claim with the assistance of an attorney and the form contained a box marked “Other (specify).’’ It would have been a simple exercise to mark that box, and write the word “handicap” next to it.
Plaintiff also claims that Reservoir should have had notice that it was being charged with handicap discrimination because her MCAD complaint stated that her back injury was the basis for the workers compensation claim that led to her discharge. But the injury itself is only one element of a handicap claim, as c. 152, §75b(l) makes clear. Moreover, every claim of discrimination necessarily is based on a series of underlying events that potentially give rise to claims of various kinds. Naming the events does not necessarily identify the claims any more than naming the instruments identifies the tune. It simply is not reasonable to read plaintiffs complaint to the MCAD as asserting a claim of handicap discrimination.
ORDER
In light of the foregoing, it is hereby ORDERED that
1. Defendant’s motion to dismiss Counts I and IV of plaintiffs complaint should be, and it hereby is, ALLOWED,
2. Defendant’s motion for summary judgment as to Counts V and VI should be, and it hereby is, ALLOWED, and
3. Defendant’s motion for summary judgment as to Count II should be, and it hereby is, DENIED.

 Count III alleged racial discrimination in plaintiffs discharge but the parties agreed to dismissal of that claim in April 1993. See Ackerstein Affidavit, ¾9 & Ex. H.

 Defendant has actually moved for judgment on the pleadings on the two counts pursuant to Mass.R. Civ.P. 12(c). When made by a defendant, however, a motion for judgment on the pleadings is both in substance and effect a motion to dismiss under Rule 12(b)(6). J. Smith & H. Zobel, Rules Practice §12.16, 6 Mass. Prac. Series 305 (1974). I proceed therefore as if defendant had a motion under Rule 12(b)(6).

 Reservoir claims that plaintiff never suggested her need for light duly. Ackerstein Aff. ¶ 13. The basis for that assertion appears to be statements at pp. 183-84 of plaintiffs deposition where plaintiff said that she did not tell Reservoir employees of her workers compensation "claim.” Although “a party cannot create a disputed issue of fact by the expedient of contradicting by affidavit statements previously made under oath at a deposition,” O'Brien v. Analog Devices, Inc., 34 Mass.App.Ct. 905, 906 (1993) (rescript), variances be *451 tween a party’s affidavit and deposition testimony typically present a question of fact for the jury’s consideration. Anthony's Pier Four, Inc. v. Crandall Dry Dock Engineers, Inc., 396 Mass. 818, 827 (1986). Here there is a variance but no direct conflict.

 What I have said is dispositive. Nevertheless, 1 have substantial doubts about whether plaintiff has met the conditions the Civil Rights Act itself requires. The Supreme Judicial Court has stated that relief is available under the Act "where there involves either a physical confrontation accompanied by a threat of harm ... or the loss of a contract right.” Willitts v. Roman Catholic Archbishop of Boston, 411 Mass. 202, 210 (1991). While there is here sure the alleged loss of a contract right, it is difficult to discern any “threat, intimidation or coercion” apart from the act of discharge that terminated the contract right.

 Chapter 152, §75B(2) provides in part that “[a]ny person claiming to be aggrieved by a violation of this section” may file a claim in Superior Court. While arguably the term “this section” applies to all of §75B and not just §75B(2), §75B(1) is simply definitional and adds certain work-related injuries to the roster of handicaps otherwise defined in c. 15 IB, §§1(16), 1(17). An employer who impermissibly deals with a handicapped person thus violates c. 151B, §4, not c. 152, §75B and the former statute’s remedial scheme therefore controls.