NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-915

PAUL JONES

vs.

MONTACHUSETTS REGIONAL TRANSIT AUTHORITY & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In July 2021, the plaintiff, Paul Jones, brought this action in the Superior Court alleging violations of the Massachusetts Wage Act, G. L. c. 149, and the minimum wage law, G. L. c. 151 (wage statutes),[2] by Montachusetts Regional Transit Authority, as his employer, and the individual defendants, as the employer's "agents" (collectively, MART). The plaintiff alleged that MART misclassified him as an independent contractor when he was actually MART's employee, and by doing so, deprived him of certain financial benefits. MART moved to dismiss the plaintiff's complaint arguing, inter alia, that principles of issue preclusion foreclosed the plaintiff's claim that he was

---

[1] Mohammed Khan, Bruno Fisher, Rebecca Badgley, Tamara Shumovskaya, and David Dunn.

[2] Specifically, G. L. c. 149, §§ 148, 148A-148C, and G. L. c. 151, §§ 1-1B, 19.

MART's employee.  Because we conclude that the dismissal of the plaintiff's claims was premature, we vacate the judgment of dismissal and remand the case to the Superior Court for further proceedings.

Background.  In May 2019, the plaintiff filed an action against MART in Federal court alleging, inter alia, employment discrimination in violation of Title VII of the Federal Civil Rights Act of 1964 and G. L. c. 151B, § 4 (Federal action).  See Jones vs. Montachusett Regional Transit Auth., U.S. Dist. Ct., No. 4:19-CV-11093-TSH (D. Mass. Feb. 7, 2020).  In July 2021, MART moved for summary judgment in the Federal action on the employment discrimination claims on the basis that the plaintiff was not its employee.  A Federal judge agreed and granted MART's motion.  See Jones vs. Montachusett Regional Transit Auth., No. 4:19-CV-11093-TSH (D. Mass. Mar. 28, 2022).

On August 31, 2021, while the Federal summary judgment motion was pending, MART filed a motion in the Superior Court to dismiss the present action, arguing, inter alia, that the plaintiff was precluded from relitigating an issue already before the Federal court -- specifically, his claim to be MART's employee.

In May 2022, after a hearing, the judge granted MART's motion to dismiss, explaining:  "For the reasons set forth in the [Federal summary judgment decision], plaintiff was never an

2

employee of defendant M.A.R.T., a finding that is dispositive of all three claims in this action."  The plaintiff filed a timely appeal from that judgment.

Discussion.  1.  Standard of review.  "We review the allowance of a motion to dismiss de novo. . . .  We accept as true the facts alleged in the plaintiff['s] complaint as well as any favorable inferences that reasonably can be drawn from them."  Galiastro v. Mortgage Elec. Registration Sys., Inc., 467 Mass. 160, 164 (2014).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "While 'detailed factual allegations' are not required at the pleading stage, mere 'labels and conclusions' will not survive a motion to dismiss."  Burbank Apartments Tenant Ass'n v. Kargman, 474 Mass. 107, 116 (2016), quoting Iannacchino, supra.

2.  Issue preclusion.  MART's issue preclusion argument relies on the Federal judge's determination that for the purposes of both Title VII and G. L. c. 151B, MART established on summary judgment that it was not the plaintiff's employer. While we acknowledge that the plaintiff's employment status with respect to MART was, as MART argues, an element of both the

3

plaintiff's Federal court claim and his claims in the Superior Court action at issue in this appeal,[3] see Delia v. Verizon Communications Inc., 656 F.3d 1, 4 (1st Cir. 2011); Somers v. Converged Access, Inc., 454 Mass. 582, 589 (2009), we conclude that issue preclusion was not a proper basis on which to dismiss the plaintiff's Superior Court claims.

"The determination of an issue in a prior proceeding has no preclusive effect where 'the party against whom preclusion is sought [here, the plaintiff,] had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action [or] the burden has shifted to his adversary.'" Jarosz v. Palmer, 436 Mass. 526, 532 (2002), quoting Restatement (Second) of Judgments § 28 (4) (1982).

In the Federal action, the burden was on the plaintiff to establish the existence of a genuine dispute about whether, based on common-law principles of agency and control, he was an employee of MART. See Lopez v. Massachusetts, 588 F.3d 69, 84-85 (1st Cir. 2009). The Wage Act and Mass. R. Civ. P. 12 (b), 365 Mass. 754 (1974), however, provide for different standards. The statute "sets forth a presumption that 'an individual performing any service' for a putative employer 'shall be'

_____

[3] We also acknowledge that the motion judge could properly look to the Federal summary judgment decision in deciding the motion. See Jarosz v. Palmer, 436 Mass. 526, 530 (2002).

4

considered an 'employee' for purposes of the wage statutes."
Patel v. 7-Eleven, Inc., 489 Mass. 356, 360 (2022), quoting
G. L. c. 149, § 148B.  If the plaintiff makes that showing, the
burden shifts to the defendant to rebut the presumption.  See
id. at 360-361.  Here, the plaintiff's allegation that he
provided transportation services to MART had to be taken as true
and entitled him to the statutory presumption that he was an
"employee" of the entity to which he provided those services --
MART.  See Somers, 454 Mass. at 590.  The burden of proof then
shifted to the putative employer, MART.  See id. at 590-591;
G. L. c. 149, § 148B.  Because the plaintiff's burden was higher
in the Federal action, and the burden shifted to MART in the
later Superior Court action, application of issue preclusion was
erroneous.[4]

   3.  Sufficiency of claims.  Because the motion to dismiss
was granted on issue preclusion grounds, the judge did not reach
the question whether the complaint otherwise stated a claim.
Specifically, the judge did not address whether the plaintiff's
"allegations plausibly suggest[ed]," Iannacchino, 451 Mass. at

---

[4] To conclude otherwise "would be to hold, in effect, that the
losing party in the first action would also have lost had a
significantly different burden been imposed. . . .  Since the
process by which the issue was adjudicated cannot be
reconstructed on the basis of a new and different burden,
preclusive effect is properly denied."  Restatement (Second) of
Judgments § 28 comment f (1982).

636, (1) that MART employed him for the purposes of the wage statutes, notwithstanding MART's argument that its contract was with Commonwealth Community Recovery Division, Inc. (CCRD)[5] and not the plaintiff, individually; or (2) if the plaintiff's claims were sufficient in that regard, whether he made out a claim for MART's violation of the wage statutes.[6]  Reviewing the complaint de novo, we are satisfied that it meets the required standard.  See id.

a.  Plaintiff as MART's employee.  As we have noted, the plaintiff's allegation that he provided transportation services to MART entitled him to the statutory presumption that he was MART's "employee."  See Somers, 454 Mass. at 590.  This was sufficient to meet the requirements of Iannacchino, 451 Mass. at 636.

MART's reliance on its contract with the plaintiff's corporation, CCRD, in which the plaintiff is identified as an independent contractor, does not alter our conclusion.  A business cannot avoid liability as an employer under the wage

---

[5] The plaintiff alleged that MART would only hire him through a corporate entity and using a contract stating that he was an independent contractor.  He alleged that he formed CCRD for this purpose, but that he was an independent contractor in name only.
[6] MART additionally argued that the complaint failed to state a claim against the individual defendants and that venue was improper in Suffolk Superior Court.  On appeal, MART does not argue those points, so we do not address them here.  See Smith v. Bell Atl., 63 Mass. App. Ct. 702, 725 n.8 (2005).

statutes merely by contracting through an intermediary corporation.  See Chambers v. RDI Logistics, Inc., 476 Mass. 95, 109 (2016).  Dismissal was thus unwarranted on the basis of the plaintiff's employee status.

b.  Wage statute violations.  "A legislative purpose behind the independent contractor statute is to protect employees from being deprived of the benefits enjoyed by employees through their misclassification as independent contractors."  Somers, 454 Mass. at 592.  As we have discussed, the plaintiff alleged facts (and not merely conclusions or restatements of the wage statutes themselves) sufficient to entitle him to the presumption that he had an employer-employee relationship with MART and, at this point in the litigation, MART has not rebutted that presumption.

Additionally, the plaintiff alleged in his complaint that by misclassifying him as an independent contractor, MART improperly deprived him of the benefits of employee status including vacation pay, overtime pay, and employer payment of workers' compensation and commercial automobile liability insurance coverage.[7]  A plaintiff who prevails on a

_____

[7] We acknowledge the plaintiff's allegation that MART intentionally misclassified him and other employees as independent contractors in order to save money.  We need not decide the point here.  See Somers, 454 Mass. at 591 ("None of the statutory criteria speaks of the employer's intent; rather, all speak of the nature of the service provided").

7

misclassification claim is entitled under G. L. c. 149, § 150, to recover "any damages incurred" (emphasis added), including any lost wages or benefits attributable to the misclassification. Somers, 454 Mass. at 594. Here, the complaint alleged damages potentially recoverable under the wage statutes, including lost hourly wages for the time spent waiting between rides; expenses incurred for commercial automobile liability insurance coverage, workers' compensation insurance, vehicle maintenance, and other costs ordinarily paid by an employer; and penalties in the form of withheld wages.[8] See Depianti v. Jan-Pro Franchising Int'l, Inc., 465 Mass. 607, 620 (2013) (employment statutes such as independent contractor statute "are to be liberally construed, 'with some imagination of the purposes which lie behind them'" [citation omitted]); Awuah v. Coverall N. Am., Inc., 460 Mass. 484, 493-494 (2011) (misclassified employee's damages include amounts paid by employee that employer "statutorily must bear," i.e., workers' compensation insurance); Somers, supra, at 584 (misclassified employee's damages "equal the value of wages and benefits [the employee] should have received as an employee, but did not").

---

[8] The plaintiff alleged $20,000 of withheld pay or wage deductions due to fines. As the plaintiff claims, G. L. c. 149, § 148, "prohibits wage deductions associated with an employer's unilateral determination of an employee's fault and damages." Camara v. Attorney Gen., 458 Mass. 756, 757 (2011).

8

MART's factual disagreements with the plaintiff's allegations were not a basis for dismissing the complaint. See Osborne-Trussell v. Children's Hosp. Corp., 488 Mass. 248, 254-255 (2021).

4. Statutory argument. On appeal, MART contends not only that it did not employ the plaintiff, but that it was statutorily prohibited from doing so by G. L. c. 161B, §§ 6 (f), 8, and 25. To the extent the arguments were not waived,[9] see Amherst Nursing Home, Inc. v. Commonwealth, 398 Mass. 850, 852 (1986) (generally court will not consider issue raised for first time on appeal, particularly where issue "has been on hand from the inception of the case"); Rule 9A (a) (1) of the Rules of Superior Court (2022) (party that files motion must submit written memorandum stating reasons and supporting authorities why motion should be allowed), we are not persuaded.

Given the purpose of G. L. c. 161B -- to create a series of regional transit authorities across the State, see G. L. c. 161B, §§ 2, 6, 25 -- we do not agree that by including in §§ 6 (f) and 8 certain enumerated powers vested in transit

---

[9] MART raised the applicability of G. L. c. 161B, §§ 6 (f) and (8), for the first time in the third of three hearings on its motion to dismiss, and G. L. c. 161B, § 25, for the first time on appeal. See McCullen v. Coakley, 571 F.3d 167, 182 n.3 (1st Cir. 2009), cert. denied, 599 U.S. 1005 (2010) ("avoiding waiver requires more than a hint that a particular theory may be lurking; it necessitates some developed argumentation addressed to that particular theory").

authorities like MART, the Legislature intended to exclude all others.  Had the Legislature intended to prohibit authorities in MART's position from hiring drivers in the manner the plaintiff alleges MART hired him, it could have said so explicitly.  It did not do so, and we decline to "read into the statute a provision which the Legislature did not see fit to put there."[10] City Elec. Supply Co. v. Arch Ins. Co., 481 Mass. 784, 789 (2019), quoting National Lumber Co. v. United Cas. & Sur. Ins. Co., 440 Mass. 723, 727 (2004).

Second, even if MART could not permissibly hire the plaintiff as the plaintiff alleges that it did, we assume that the allegations of the complaint are true.  To the extent that MART's actions in hiring the plaintiff might have exceeded its authority under G. L. c. 161B, MART has not demonstrated that,

---

[10] Nor has MART demonstrated that the plaintiff provided a "mass transportation service" for the purposes of G. L. c. 161B, § 25, although we will assume for the sake of argument that CCRD did.

10

as a matter of law, its actions would bar the plaintiff's claims against it.

Conclusion.  The judgment of dismissal is vacated, and the case is remanded to the Superior Court for further proceedings.

So ordered.

By the Court (Wolohojian, Singh & Hand, JJ.[11]),

Clerk

Entered:  August 14, 2023.

---

[11] The panelists are listed in order of seniority.